# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS BURLINSKI and MATTHEW MILLER on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> TOP GOLF USA INC., TOPGOLF USA SALT CREEK, LLC, and TOPGOLF USA NAPERVILLE, LLC, <br><br> Defendants. | Case No. 1:19-cv-6700 <br><br> Removal from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois <br><br> Case No.: 2019L000263 |

## NOTICE OF REMOVAL

Defendants Top Golf USA Inc., TopGolf USA Salt Creek, LLC and TopGolf USA Naperville, LLC (collectively, "Topgolf" or "defendants") submit this Notice of Removal of the civil action entitled *Thomas Burlinski and Matthew Miller v. Top Golf USA, Inc., et al.,* Case No. 2019L000263, from the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, where it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. §1446(a) and 28 U.S.C. §1332, Topgolf provides the following basis for removal:

### TIMELY REMOVAL

1. On September 11, 2019, plaintiffs filed their Second Amended Class Action Complaint ("Second Amended Complaint") in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, entitled *Thomas Burlinski and Matthew Miller v. Top Golf USA, Inc., et al.,* Case No. 2019L000263 (the "State Court Action"). The Second Amended Complaint added plaintiff Matthew Miller and defendant TopGolf USA Naperville, LLC.

2.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely because it was filed within 30 days after receipt of plaintiffs' Second Amended Complaint. Topgolf has filed no responsive pleading to the Second Amended Complaint other than this Notice of Removal.

3.      This removal is based on diversity jurisdiction under both 28 U.S.C. §§1332(a)(1) and (d). The United States District Court for the Northern District of Illinois, Eastern Division, possesses diversity jurisdiction over this litigation under Section 1332(a)(1) because the amount in controversy exceeds $75,000 and is between citizens of different States. The Court also has diversity jurisdiction under Section 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), because there is minimal diversity (*i.e.*, at least one member of the putative class is a citizen of a different state than defendants) and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §1332(d)(1)(B) (defining "class action" to include state law class actions) and §1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a state different from any defendant").

4.      Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**. That includes the initial Complaint, First Amended Complaint, and Second Amended Complaint.

## VENUE

5.      The Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, is located within the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. §93(a)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### DIVERSITY OF CITIZENSHIP

6. Plaintiffs allege they are individuals who live in the State of Illinois. **Ex. A**, 2nd Am. Compl. ¶16, A.4. For purposes of diversity jurisdiction, a person is a citizen of the state in which they are domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Based on plaintiffs' allegations, plaintiffs are domiciled in and are citizens of the State of Illinois. *Id.*; **Ex. A**, 2nd Am. Compl. ¶16, A.4.

7. Corporations are citizens of their state of incorporation and principal place of business. 28 U.S.C. §1332(c)(1).

8. A limited liability company ("LLC") is a citizen of any state in which an LLC member is a citizen. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

9. Top Golf USA Inc. is a corporation formed in the State of Delaware with its principal place of business in the State of Texas. Thus, Top Golf USA Inc. is a citizen of Delaware and Texas. *See* Declaration of Jason Clark in Support of Defendant's Notice of Removal attached hereto as **Exhibit B** ("Clark Declaration"), ¶2, B.2.

10. Top Golf USA Inc. is the sole member of TopGolf USA Salt Creek, LLC. Top Golf USA Inc. is incorporated in Delaware with its principal place of business in Texas. Thus, TopGolf USA Salt Creek, LLC is a citizen of Delaware and Texas. *See* **Ex. B**, ¶3, B.2.

11. TG Holdings I, LLC is the sole member of TopGolf USA Naperville, LLC. The managers of TG Holdings I, LLC are domiciled in Dallas, Texas. Thus, TopGolf USA Naperville, LLC is a citizen of Texas. *See* **Ex. B**, ¶4, B.3.

12. Because defendants are citizens of different states than plaintiffs, there is complete diversity of citizenship under 28 U.S.C. §1332(a)(1); 28 U.S.C. §1441(b)(1). Defendants also

3

meet the minimal diversity requirements of 28 U.S.C. §1332(d)(2), which requires only one "member of a class of plaintiffs [to be] a citizen of a state different from any defendant."

### AMOUNT IN CONTROVERSY

13. The amount in controversy readily exceeds the $75,000 diversity jurisdiction threshold. *Meridian Sec. Inc. Co. v. Sadowski*, 441 F.3d 536, 541,43 (7th Cir. 2006) (a removing defendant must show what the plaintiff stands to recover, not what his or her actual recovery is likely to be). It is well established that attorneys' fees count toward the amount in controversy where fee-shifting is provided by the underlying claim, as here. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (*Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages").

14. Plaintiffs allege five BIPA violations per individual and seek statutory damages of $5,000 per reckless violation and attorney's fees. **Ex. A**, 2nd Am. Compl. ¶51, A.9, Count I Prayer for Relief (A), (C), A.9, ¶¶57-59, A.10, Count II Prayer for Relief (A), (C), A.10-11, ¶65, A.11, Count III, Prayer for Relief (A), (C), A.12; 740 ILCS 14/20(3). The attorneys' fees that plaintiffs have already incurred (and will continue to incur) in litigating this case since March 4, 2019, further contribute to meeting the amount in controversy. That includes, but is not limited to, drafting three Class Action Complaints and fully briefing a Motion to Amend the Complaint. For example, two plaintiffs x 5 violations per plaintiff x $5,000 per violation plus $26,000 to date in attorneys fees = $76,000.

15. Thus, even setting aside the class allegation, it is not "legally impossible" for the two named plaintiffs alone to recover more than $75,000 in this action. *See Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283

(1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

16. Federal district courts also possess jurisdiction over class actions where the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2).

17. Under CAFA, defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id*. at 764 (citation omitted).

18. Plaintiffs allege that Topgolf "required Plaintiffs and other hourly employees to scan their fingerprints in Defendants' biometric time clock" and obtained unique and permanent identifiers without the employees' consent. **Ex. A**, 2nd Am. Compl. ¶¶4-5, A.2-3, ¶¶12-13, A.3-4, ¶¶30-34, A.6-7. The putative class comprises at least 205 individuals. **Ex. B**, ¶5, B.3.

19. Thus, at least 205 putative class members x 5 alleged violations per individual x $5,000 per violation plus attorneys' fees exceeds $5,000,000. **Ex. A**, 2nd Am. Compl. ¶51, A.9, Count I Prayer for Relief (A), (C), A.9, ¶¶57-59, A.10, Count II Prayer for Relief (A), (C), A.10-11, ¶65, A.11, Count III, Prayer for Relief (A), (C), A.12. That satisfies the amount in controversy under CAFA. 28 U.S.C. §1332(d)(6). *See also Back Doctors Ltd,* 637 F.3d at 830 ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

## RESERVATION OF RIGHTS

20. Topgolf's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by Topgolf of any fact, of the validity or merits of any of plaintiffs' claims and allegations, or of any liability, all of which Topgolf hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiffs' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

21. Under 28 U.S.C. §1446(d), Topgolf will promptly give written notice of the filing of the Notice of Removal to plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois.

**WHEREFORE**, defendants Top Golf USA Inc., TopGolf USA Salt Creek, LLC and TopGolf USA Naperville, LLC respectfully request that this litigation be removed from the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: October 9, 2019　　　　　　　　　Respectfully submitted,

By: /s/ Michael V. Furlong
　　One of the Attorneys for Defendants
　　TOP GOLF USA INC., TOPGOLF
　　USA SALT CREEK, LLC and
　　TOPGOLF USA NAPERVILLE, LLC

Anne E. Larson (ARDC No. 6200481)
Michael V. Furlong (ARDC No. 6317963)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:　312.558.1220
Facsimile:　312.807.3619
*anne.larson@ogletree.com*
*michael.furlong@ogletree.com*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 9, 2019, he filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via U.S. Mail, postage prepaid, and via electronic mail:

> Douglas M. Werman
> Zachary C. Flowerree
> Werman Salas, P.C.
> 77 West Washington, Suite 1402
> Chicago, Illinois 60602
> *dwerman@flsalaw.com*
> *zflowerree@flsalaw.com*
>
> David Fish
> Seth Matus
> Kimberly Hilton
> John Kunze
> The Fish Law Firm, P.C.
> 200 East Fifth Avenue, Suite 123
> Naperville, Illinois 60563
> *dfish@fishlawfirm.com*
> *smatus@fishlawfirm.com*
> *khilton@fishlawfirm.com*
> *kunze@fishlawfirm.com*
>
> *Attorneys for Plaintiff*

/s/ Michael V. Furlong
One of the Attorneys for Defendants

40102219.1

7