# Exhibit A

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI and MATTHEW   )
MILLER on behalf of themselves and all other  )
persons similarly situated,   )
known and unknown,   )
   )   Case No. 2019-L-000263
   )
     Plaintiffs,   )
   )
v.   )
   )
   )
TOP GOLF USA, INC, TOP GOLF USA   )
SALT CREEK, LLC, and TOPGOLF USA   )
NAPERVILLE, LLC   )
     Defendants.   )

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 6529246
2019L000263
FILEDATE: 9/11/2019 12:44 PM
Date Submitted: 9/11/2019 12:44 PM
Date Accepted: 9/11/2019 2:37 PM
EP

### SECOND AMENDED CLASS ACTION COMPLAINT

Thomas Burlinski and Matthew Miller ("Plaintiffs") file this Second Amended Class Action Complaint against Top Golf USA, Inc. ("Top Golf USA"), Topgolf USA Naperville, LLC ("Naperville") and Top Golf USA Salt Creek, LLC ("Top Golf Salt Creek") (Top Golf USA, Naperville, and Top Golf Salt Creek, collectively, "Defendants") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.    Top Golf USA operates "Topgolf" driving range and bar facilities through the United States, including locations in Wood Dale and Naperville, Illinois.

2.    Plaintiff Burlinski was an hourly-paid bartender at Defendants' Topgolf driving range and bar in Wood Dale, Illinois from approximately April 2017 to July 2017.

3.    Plaintiff Miller worked in a number of different hourly-paid positions at Defendants' Topgolf facility in Naperville, Illinois during 2017, 2018, and 2019.

4.    Throughout their employment, Defendants required Plaintiffs and other hourly paid employees to use a biometric time clock system to record their time worked.

5.    Defendants required Plaintiffs and other hourly employees to scan their fingerprints in Defendants' biometric time clock when they started working a shift, stopped for a break, returned from a break, and finished working a shift.

6.    Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

7.    By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

8.    Thus, there's no question that Defendants benefited from using a biometric time clock.

9.    But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

10.    In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

11.    As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

12.    Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

13.    As a result, Defendants violated Plaintiff's statutory rights under the Biometric

2

A.3

Information Privacy Act and the statutory rights of others similarly situated.[1]

### JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Second Amended Class Action Complaint in Illinois.

15.     DuPage County is an appropriate venue for this litigation because Defendants do business in DuPage County and thus are residents of DuPage County.

### THE PARTIES

16.     Plaintiffs are individuals who lives in Illinois.

17.     Top Golf USA is a Delaware corporation. *See* Exhibit A.

18.     Top Golf Salt Creek is an Illinois limited liability company. *See* Exhibit B.

19.     Topgolf USA Naperville, LLC is a Delaware limited liability company. *See* Exhibit C.

20.     Top Golf Salt Creek is a company established to operate Defendants' driving range and bar in Wood Dale, Illinois.

21.     Top Golf USA manages or controls Top Golf Salt Creek as well as other corporations or limited liability companies, including Topgolf USA Naperville, LLC, to operate driving range and bar facilities in Illinois.

22.     Top Golf USA is the employer's name on the IRS form W-2 Defendants provided to Plaintiffs.

---

[1]     Plaintiff does not allege that he and others similarly situated suffered *physical* or *psychological* injuries during their employment as a result of Defendant's violations of the Biometric Information Privacy Act.

23.     Top Golf Salt Creek is the employer's name on the Earnings Statements Defendants provided to Plaintiffs.

24.     Defendants are jointly responsible for the violations of the Biometric Information Privacy Act alleged in this Second Amended Class Action Complaint because each entity is involved in collecting, storing, and disseminating employees' fingerprints and information based on employee's fingerprints without following the requirements of the law.

### REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT

25.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

26.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

27.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

28.     In addition, the Biometric Information Privacy Act prohibits a private entity from

4

possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

29.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

### BACKGROUND FACTS

30.     When Plaintiffs scanned their fingerprints in Defendants' biometric time clock, Defendants captured, collected, and stored Plaintiffs' fingerprint, or a representation derived from Plaintiffs' fingerprint.

31.     When Plaintiffs scanned their fingerprint in Defendants' biometric time clock, their fingerprints – or a representation of their fingerprints – were disseminated and disclosed to Defendants' time-keeping vendor.

32.     Defendants never provided Plaintiff Burlinski any written materials about its collection, retention, destruction, use, or dissemination of his fingerprint or information derived from his fingerprint.

33.     Prior to initially collecting his biometric data, Defendants never provided Plaintiff Miller any written materials about its collection, retention, destruction, use, or dissemination of his fingerprint or information derived from his fingerprint. Upon information and belief, nearly two years after using and collecting Plaintiff Miller's biometric information, the Defendants provided him with information about the use of his biometric information for the first time.

5

34.     Prior to first collecting their biometric data, Defendants never first obtained Plaintiffs' written consent, or release as a condition of employment, before collecting, storing, disseminating, or using his fingerprint, or information derived from his fingerprint.

**CLASS ACTION ALLEGATIONS**

35.     Plaintiffs seek to represent a class of employees who worked at a Topgolf location in Illinois and who scanned their fingerprints in a biometric time clock system ("the Class").

36.     Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in a biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

37.     The Class includes more than 40 members.

38.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

39.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected, stored, or disseminated the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

40.     These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

41.     Plaintiffs, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

42. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

43. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

44. The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendants provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

45. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

46. Plaintiffs retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of Section 15(a) of the Biometric Information Privacy Act
### Failure to Implement and Adhere to a Publicly Available Retention/Destruction Policy
### (Class Action)

47. Plaintiffs reallege and incorporate the previous allegations of this Second Amended Class Action Complaint.

48. Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

49. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

50. Defendants have "biometric information" from Plaintiffs and the Class through their acquisition and retention of information based on Plaintiffs' and the Class's "biometric identifier[s]," as defined in the previous paragraph.

7

51.     Defendants violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's fingerprints and information based on their fingerprints without creating and adhering to a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

52.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

### COUNT II
**Violation of Section 15(b) of the Biometric Information Privacy Act**
**Collection of Biometric Identifiers and Information Without Required**
**Disclosures and Written Release**
**(Class Action)**

53.     Plaintiffs reallege and incorporate the previous allegations of this Second Amended Class Action Complaint.

54.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

8

A.9

55.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

56.     Defendants have "biometric information" from Plaintiffs and the Class through their acquisition and retention of information based on Plaintiffs' and the Class's "biometric identifier[s]," as defined in the previous paragraph.

57.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendants were doing so.

58.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

59.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

60.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT III**
**Violation of Section 15(d) of the Biometric Information Privacy Act**
**Disclosure of Biometric Identifiers and Information Without Obtaining Consent**
**(Class Action)**

61.     Plaintiffs realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

62.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

63.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

64.     Defendants have "biometric information" from Plaintiffs and the Class through their acquisition and retention of information based on Plaintiffs' and the Class's "biometric identifier[s]," as defined in the previous paragraph.

65.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

66.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

A.11

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.   Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.   Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.   Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.   Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated: September 10 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C. (ID: 42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
DuPage #218726

A.13

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**        **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**        **COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

2019 L 263

v.

Case Number

TOP GOLF USA, INC, et al

Defendant,

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME: Ex A - Top Golf USA**

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Second Amended Class Action Complaint**

**Document File Date:**  **September 10, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situate**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:  **The Fish Law Firm, P.C.**        ☐ Pro Se

DuPage Attorney Number: **21726**

Attorney for:  **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email:  **admin@fishlawfirm.com**

3/1/2019 CORP/LLC - File Detail Report



## CORPORATION FILE DETAIL REPORT

| | |
|---|---|
| File Number | 71534405 |

| | |
|---|---|
| Entity Name | TOP GOLF USA, INC. |

| | |
|---|---|
| Status | ACTIVE |

| | | | |
|---|---|---|---|
| Entity Type | CORPORATION | Type of Corp | FOREIGN BCA |
| Qualification Date (Foreign) | 01/17/2018 | State | DELAWARE |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 01/17/2018 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | ERIK ANDERSON 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX 7523 |
| Agent City | CHICAGO | Secretary Name & Address | ELDRIDGE BURNS 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX |
| Agent Zip | 60604 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 12/20/2018 | For Year | 2019 |

Return to the Search Screen      Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

A.15

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**UNITED STATES OF AMERICA**
**STATE OF ILLINOIS**      **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**      **COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules  5.06 and 5.09

**EXHIBIT NAME:** Ex B - Top Golf Salt Creek

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Second Amended Class Action Complaint**

**Document File Date:**  **September 10, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situate**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:      **The Fish Law Firm, P.C.**      ☐ Pro Se

DuPage Attorney Number: **21726**

Attorney for:      **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email:    **admin@fishlawfirm.com**



## LLC FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **File Number** | 02074885 | | |
| **Entity Name** | TOP GOLF USA SALT CREEK, LLC | | |
| **Status** | ACTIVE | **On** | 11/02/2018 |
| **Entity Type** | LLC | **Type of LLC** | Domestic |
| **File Date** | 01/16/2007 | **Jurisdiction** | IL |
| **Agent Name** | C T CORPORATION SYSTEM | **Agent Change Date** | 04/28/2014 |
| **Agent Street Address** | 208 SO LASALLE ST, SUITE 814 | **Principal Office** | 8750 N CENTRAL EXPY, STE 1200 DALLAS, TX 75231 |
| **Agent City** | CHICAGO | **Managers** | View |
| **Agent Zip** | 60604 | **Duration** | PERPETUAL |
| **Annual Report Filing Date** | 11/02/2018 | **For Year** | 2019 |
| **Series Name** | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

## OTHER SERVICES

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

A.17

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**      **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**      **COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Ex C - Top Golf Naperville

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Second Amended Class Action Complaint**

**Document File Date:**   **September 10, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situate**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:     **The Fish Law Firm, P.C.**        ☐ Pro Se

DuPage Attorney Number: **21726**

Attorney for:    **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email:   **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.18

9/3/2019          Corporation/LLC Search/Certificate of Good Standing



Office of the Secretary of State Jesse White
CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## LLC File Detail Report

| File Number | 04558618 |
|---|---|
| Entity Name | TOPGOLF USA NAPERVILLE, LLC |
| Status | ACTIVE |

### Entity Information

**Principal Office**
8750 N CENTRAL EXPY, STE 1200
DALLAS, TX 75231

**Entity Type**
LLC

**Type of LLC**
Foreign

**Organization/Admission Date**
Thursday, 23 January 2014

**Jurisdiction**
DE

**Duration**
PERPETUAL

### Agent Information

**Name**

A.19

C T CORPORATION SYSTEM

**Address**
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

**Change Date**
Thursday, 23 January 2014

## Annual Report

**For Year**
2019

**Filing Date**
Friday, 2 November 2018

## Managers

Name
Address
BURNS, ELDRIDGE
8750 N CENTRAL EXPY,STE 1200
DALLAS, TX 75231

Name
Address
DAVENPORT, WILLIAM
8750 N CENTRAL EXPY,STE 1200
DALLAS, TX 75231

## Series Name

NOT AUTHORIZED TO ESTABLISH SERIES

Return to Search

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

A.20

## Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.    Tue Sep 03 2019

ORDER - BLANK                                                    2116 (Rev. 2/16)

**STATE OF ILLINOIS**          **UNITED STATES OF AMERICA**          **COUNTY OF DU PAGE**
                    **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

Burlinski

                                    19 L 263
            vs                      **CASE NUMBER**

Top Golf USA, Inc.

```
e-FILED
SEP 09, 2019 11:28 AM
Chris Kachiroubas

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

File Stamp Here
```

                          **ORDER**                    Line 11

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

① Plaintiff granted leave to file Second Amended Complaint by Sept. 11, 2019

② Defendants granted 28 days (to Oct. 9, 2019) to file a responsive pleading to the Second Amended Complaint

③ This matter is continued for further pleading status to October 30, 2019 at 9:00 AM

Name: The Fish Law Firm  ☐ PRO SE          ENTER:

DuPage Attorney Number: 218726

Attorney for: π

Address: 200 E. 5th Av., #123

City/State/Zip: Naperville, IL 60563

Telephone Number: (630) 355-7590          Date: Sept. 9, 2019

Email: admin@fishlawfirm.com

                Judge

**CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

                                                                    A.22

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI on behalf of )
himself and all other persons similarly )
situated, known and unknown, )
     )
    Plaintiff, )
     )
v. )   No.  2019L000263
     )
TOP GOLF USA, INC and TOP GOLF )
USA SALT CREEK, LLC, )
     )
    Defendants. )

**e-FILED**
AUG 20, 2019 09:49 AM
*Chris Kachiroubas*
CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

## AGREED ORDER

This matter is before the Court on the parties' agreement to continue the August 20, 2019 Case Management Conference, due notice having been given and the Court fully advised in the premises; IT IS HEREBY ORDERED:

1. The Case Management Conference scheduled for August 20, 2019, is stricken.

2. The Case Management Conference is reset to September 9, 2019, at 9:00 a.m.

Dated: _8 - 20 - 19_

ENTERED:

Judge Robert Kleeman

*Order prepared and agreed to by:*

/S/ David Fish
Douglas M. Werman
Zachary C. Flowerree
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
*dwerman@flsalaw.com*
*zflowerree@flsalaw.com*
Firm No. 42031

David Fish
Seth Matus
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
*dfish@fishlawfirm.com*
*smatus@fishlawfirm.com*
*khilton@fishlawfirm.com*
*kunze@fishlawfirm.com*
Firm No. 218726
*Attorneys for Plaintiff*

/S/ Anne Larson
Anne E. Larson (ARDC No. 6200481)
Michael Furlong (ARDC No. 6317963)
**OGLETREE, DEAKINS, NASH, SMOAK &**
  **STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:  312.807.3619
*anne.larson@ogletree.com*
*michael.furlong@ogletree.com*

Firm No. 7285
*Attorneys for Defendants*

A.23

ORDER - BLANK
2116 (Rev. 2/16)

**UNITED STATES OF AMERICA**
STATE OF ILLINOIS     **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**     COUNTY OF DU PAGE

Burlioski

vs

Top Golf USA, Inc. et al

*19 L 263*
**CASE NUMBER**

**e-FILED**
JUL 31, 2019 11:34 AM
*Chris Kachiroubas*
**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**
File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

Plaintiff's leave to file Amended Complaint is granted.

Plaintiff to file Amended Complaint by the end of day, July 31, 2019.

Defendants have until August 16 to respond or otherwise plead.

Status Case Management date of August 20, 2019 stands for status on pleadings

Name: John Kueter : Fish Law Firm ☐ PRO SE     ENTER:

DuPage Attorney Number: 218726

Attorney for: 2002 Estate Plaintiff

Address: 200 E. 5th

City/State/Zip: Naperville IL 60583

Telephone Number: _____

Email: _____

Judge

Date: 7-31-19

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI on behalf of )
himself and all other persons similarly situated, )
known and unknown, )    Case No. 2019-L-000263
                                         )
          Plaintiff, )    Chris Kachiroubas
                                         )    e-filed in the 18th Judicial Circuit Court
      v. )    DuPage County
                                         )    ENVELOPE: 5996204
TOP GOLF USA, INC and TOP GOLF USA )    2019L000263
SALT CREEK, LLC, )    FILEDATE: 7/31/2019 3:24 PM
                                         )    Date Submitted: 7/31/2019 3:24 PM
          Defendants. )    Date Accepted: 8/1/2019 8:08 AM
                                         )    KB

## FIRST AMENDED CLASS ACTION COMPLAINT

Thomas Burlinski ("Plaintiff") files this First Amended Class Action Complaint against Top Golf USA, Inc. ("Top Golf USA") and Top Golf USA Salt Creek, LLC ("Top Golf Salt Creek") (Top Golf USA and Top Golf Salt Creek, collectively, "Defendants") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.     Top Golf USA operates "Topgolf" driving range and bar facilities through the United States, including locations in Wood Dale and Naperville, Illinois.

2.     Plaintiff was an hourly-paid bartender at Defendants' Topgolf driving range and bar in Wood Dale, Illinois from approximately April 2017 to July 2017.

3.     Throughout his employment, Defendants required him and other hourly paid employees to use a biometric time clock system to record their time worked.

4.     Defendants required Plaintiff and other hourly employees to scan their fingerprints in Defendants' biometric time clock when they started working a shift, stopped for a break, returned from a break, and finished working a shift.

5.     Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

6.     By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

7.     Thus, there's no question that Defendants benefited from using a biometric time clock.

8.     But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

9.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.     As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.     Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.     As a result, Defendants violated Plaintiff's statutory rights under the Biometric Information Privacy Act and the statutory rights of others similarly situated.[1]

---

[1]     Plaintiff does not allege that he and others similarly situated suffered *physical* or *psychological* injuries during their employment as a result of Defendant's violations of the Biometric Information Privacy Act.

**JURISDICTION AND VENUE**

13.     This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this First Amended Class Action Complaint in Illinois.

14.     DuPage County is an appropriate venue for this litigation because Defendants do business in DuPage County and thus are residents of DuPage County.

**THE PARTIES**

15.     Plaintiff is an individual who lives in Cook County, Illinois.

16.     Top Golf USA is a Delaware corporation. *See* Exhibit A.

17.     Top Golf Salt Creek is an Illinois limited liability company. *See* Exhibit B.

18.     Top Golf Salt Creek is a company established to operate Defendants' driving range and bar in Wood Dale, Illinois.

19.     Top Golf USA manages or controls Top Golf Salt Creek as well as other corporations or limited liability companies, including Topgolf USA Naperville, LLC, to operate driving range and bar facilities in Illinois.

20.     Top Golf USA is the employer's name on the IRS form W-2 Defendants provided to Plaintiff.

21.     Top Golf Salt Creek is the employer's name on the Earnings Statements Defendants provided to Plaintiff.

22.     Top Golf USA and Top Golf Salt Creek are jointly responsible for the violations of the Biometric Information Privacy Act alleged in this First Amended Class Action Complaint because both entities are involved in collecting, storing, and disseminating employees' fingerprints

and information based on employee's fingerprints without following the requirements of the law.

## REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT

23.    In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

24.    The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

25.    Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

26.    In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

27.    Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining

an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

28.     When Plaintiff scanned his fingerprint in Defendants' biometric time clock, Defendants captured, collected, and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

29.     When Plaintiff scanned his fingerprint in Defendants' biometric time clock, his fingerprint – or a representation of his fingerprint – was disseminated and disclosed to Defendants' time-keeping vendor.

30.     Defendants never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of his fingerprint or information derived from his fingerprint.

31.     Defendants never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using his fingerprint, or information derived from his fingerprint.

**CLASS ACTION ALLEGATIONS**

32.     Plaintiff seeks to represent a class of employees who worked at a Topgolf location in Illinois and who scanned their fingerprints in a biometric time clock system ("the Class").

33.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in a biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

5

34.     The Class includes more than 40 members.

35.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected, stored, or disseminated the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

37.     These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

38.     Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

40.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

41.     The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendants provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

42.     Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

6

43.     Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of Section 15(a) of the Biometric Information Privacy Act**
**Failure to Implement and Adhere to a Publicly Available Retention/Destruction Policy**
**(Class Action)**

44.     Plaintiff realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

45.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47.     Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

48.     Defendants violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating and adhering to a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

49.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendants from committing further violations of the Biometric

Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.   Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.   Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT II**
**Violation of Section 15(b) of the Biometric Information Privacy Act**
**Collection of Biometric Identifiers and Information Without Required**
**Disclosures and Written Release**
**(Class Action)**

50.   Plaintiff realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

51.   Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

52.   Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

53.   Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

54.   Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendants were doing so.

55.   Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendants doing so and the length of

time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

56.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

57.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
### Violation of Section 15(d) of the Biometric Information Privacy Act
### Disclosure of Biometric Identifiers and Information Without Obtaining Consent
### (Class Action)

58.     Plaintiff realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

A.33

59.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

60.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

61.     Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

62.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

63.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated:  May 23, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C. (ID: 42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
DuPage #218726

A.35

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**STATE OF ILLINOIS**    **UNITED STATES OF AMERICA**    **COUNTY OF DU PAGE**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME: Ex A - Top Golf USA**

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**First Amended Class Action Complaint**

**Document File Date: May 23, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF: Thomas Burlinski, individually and on behalf of others similarly situated**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:    **The Fish Law Firm, P.C.**    ☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for:    **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email:    **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©

WHEATON, ILLINOIS 60187-0707

A.36



## CORPORATION FILE DETAIL REPORT

| File Number | 71534405 | | |
|---|---|---|---|
| Entity Name | TOP GOLF USA, INC. | | |
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | FOREIGN BCA |
| Qualification Date (Foreign) | 01/17/2018 | State | DELAWARE |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 01/17/2018 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | ERIK ANDERSON 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX 7523 |
| Agent City | CHICAGO | Secretary Name & Address | ELDRIDGE BURNS 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX |
| Agent Zip | 60604 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 12/20/2018 | For Year | 2019 |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME: Ex B - Top Golf Salt Creek**

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**First Amended Class Action Complaint**

**Document File Date:** **May 23, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situate**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name: **The Fish Law Firm, P.C.**          ☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for: **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.38



## LLC FILE DETAIL REPORT

| File Number | 02074885 | | |
|---|---|---|---|
| Entity Name | TOP GOLF USA SALT CREEK, LLC | | |
| Status | ACTIVE | On | 11/02/2018 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 01/16/2007 | Jurisdiction | IL |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 04/28/2014 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | Principal Office | 8750 N CENTRAL EXPY, STE 1200 DALLAS, TX 75231 |
| Agent City | CHICAGO | Managers | View |
| Agent Zip | 60604 | Duration | PERPETUAL |
| Annual Report Filing Date | 11/02/2018 | For Year | 2019 |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

## OTHER SERVICES

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI on behalf of ) 
himself and all other persons similarly situated, ) 
known and unknown, )    Case No. 2019-L-000263

Plaintiff, )

v. )

TOP GOLF USA, INC and TOP GOLF USA )
SALT CREEK, LLC, )

Defendants. )

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 5703030
2019L000263
FILEDATE: 7/9/2019 4:58 PM
Date Submitted: 7/9/2019 4:58 PM
Date Accepted: 7/10/2019 12:17 PM
KC

### PLAINTIFF'S REPLY IN SUPPORT OF
### HIS MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COMES Plaintiff Thomas Burlinski ("Plaintiff"), by and through his Counsel, and

for his Reply in Support of his Motion for Leave to Amend Complaint, states as follows:

### INTRODUCTION

Plaintiff sought leave to file an Amended Complaint on May 23, 2019, which added

additional claims, fleshed out the allegations, and clarified the complaint. Defendant has opposed

this amendment arguing that the amendment "does not cure plaintiff's original defective pleading

and an amendment would be unduly and unfairly prejudicial to defendants."

Defendant's arguments are untenable, and Plaintiff's Motion should be granted.

Defendants face no undue or unfair prejudice by allowing Plaintiff to amend and Plaintiff's

original pleading is only defective in Defendant's own eyes. Defendant does not overcome the

"general rule" that leave to amend should be "freely granted."

### I.      Leave To Amend Should Be Freely Granted.

"As a general rule, leave to amend is freely granted." *Sheffler v Comm. Edison Co.*, 399

Ill. App. 3d 51, 59 (1st Dist. 2010). In light of the liberal policy encouraging leave to amend, the

failure to allow an amendment can result in a reversible error. *See, Loyola Acad. v. S & S Roof*

1

A.40

*Maint., Inc.*, 146 Ill. 2d 263, 276, 586 N.E.2d 1211, 1217 (1992)("trial court abused its discretion when it denied plaintiff's motion for leave to file an amended" pleading). Moreover, "[a]ny doubt as to whether pleadings should be amended should be resolved in favor of an amendment." *Am. Nat. Bank & Tr. Co. of Chicago v. Dozoryst*, 256 Ill. App. 3d 674, 678–79, 628 N.E.2d 1072, 1075–76 (1st Dist. 1993)(reversing for not allowing amendment at trial); *Deming v. Montgomery*, 180 Ill. App. 3d 527, 532, 536 N.E.2d 150, 153 (5th Dist. 1989)(reversing trial court's denial of request to amend at trial to add a new theory of recovery).

Plaintiff's Amended Complaint fleshes out and clarifies the prior pleading and adds additional claims that allege Defendants violated three distinct sections of the Biometric Information Privacy Act in three distinct ways. This does not merely split the original allegation but alleges separate and distinct violations. Because these additional allegations were not fully alleged in the original complaint, Plaintiff should be allowed leave to add these allegations. As such, Plaintiff's motion should be granted.

## II.     Defendants' Motion To Dismiss Arguments Fail.

Defendants attempt to argue issues from their Motion to Dismiss in their Response but ignore that Plaintiff's original complaint was never deemed defective. In any event, Defendants' arguments fail. As such, it is *not* apparent that no cause of action can be stated by the Amended Complaint, so Plaintiff should be granted leave to amend.

### A. The One or Two-Year Statute of Limitations Will Not Apply to BIPA Claims.

Defendants assume a one-year statute of limitations applies. However, BIPA has no self-contained limitations period. Without a specifically applicable statute or rule, the default limitations period for civil actions in Illinois is five years. 735 ILCS 5/13-205. ([A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action

2

accrued.) *See Johnson v. Northshore Univ. Healthsystem,* 2011 WL 10069086, at *2 (Ill. App. Ct. Mar. 31, 2011).

Defendants base this assumption on the one-year statute of limitations for "publication of a matter violating the right of privacy" under 735 ILCS 5/13-201. However, Defendants ignore the plain language of 5/13-201, which requires *publication*. Plaintiff never alleges that Defendants caused the *publication* of any matter. Clearly, 735 ILCS 5/13-201 is inapplicable.

Next, Defendants argue that a two-year statute of limitations period for statutory penalties and personal injuries applies under 735 ILCS 5/13-202. This is similarly inapplicable because BIPA is a remedial statute and the existence of liquidated damage provisions does not make it penal in nature. *See Rosenbach v. Six Flags Entertainment Corp.,* 2019 IL 123186 ¶ 38; *see also Scott v. Ass'n for Childbirth at Home, Int'l,* 88 Ill.2d 279,288 (1981) (statutes "designed to grant remedies for the protection of rights, introduce regulation conductive to the public good, or cure public evils" are remedial not penal). Similarly, the personal injury argument must fail. This is clearly not a personal injury. As explained by *Rosenbach,* a person is "aggrieved" under the Act merely when "a private entity fails to comply" with one of BIPA's requirements. 2019 IL 123186 ¶ 33. "No additional consequences needed to be pleaded or proved." *Id.* As such, clearly, BIPA does not require any additional personal injury allegations. Nor does Plaintiff allege personal injury allegations here.

### B. The WCA Does Not Preempt BIPA Claims.

Next, Defendants argue the Plaintiff has "plead himself out of court" because the Illinois Workers' Compensation Act ("WCA") preempts BIPA. Plaintiff has done no such thing, the WCA does not preempt BIPA claims. The statutory privacy violations under BIPA are not covered or compensable under the WCA. At least one Circuit Court in Cook County has already decided that the WCA does not preempt BIPA because "the injury [plaintiff] suffered was the loss of the ability to maintain her privacy rights. This is neither a psychological nor physical injury and is not

3

A.42

compensable under the [WCA]." *McDonald v. Symphony Bronzeville Park LLC, et al.*, No. 2017-CH-11311, (Cir. Ct. Cook County, June 17, 2019) order attached as Exhibit 1.

The WCA is concerned with financial protection for workers injured on the job who cannot work due to these injuries. *See Murff v. Illinois Workers' Comp. Comm'n*, 2017 IL App (1st) 160005WC, ¶16. Non-physical injuries are generally not compensable or preempted, except in rare "sudden, severe emotional shock traceable to a definite time, place and cause which causes psychological injury or harm." *Pathfinder Co. v. Indus. Comm'n*, 62 Ill. 2d 556, 563 (1976). 820 ILCS 305/8 sets out what is recoverable in non-fatal injury cases, it is silent as to biometric privacy right violation compensation. This is logical, as the WCA concerns compensation for a debilitating injury, while BIPA is concerned with preventing harm. *Rosenbach*, 2019 IL 123186 ¶ 36. Simply put, the injury to Plaintiff's privacy right is not the type covered by the WCA.

Moreover, the injury is not "accidental." An injury is accidental under the WCA when "it is traceable to a definite time, place and cause and occurred in the course of employment unexpectedly and without affirmative act or design." *Mason v. Addus Healthcare, Inc.* 2015 IL App (1st) 131906-U, ¶12; *Pathfinder*, 62 Ill.2d at 563 ("Accident[al] is not a technical legal term but encompasses anything that happens without design or an event with is unforeseen by the person to whom it happens."). Here, Defendants decided to require Plaintiff and other employees use a biometric time clock system: the collection of employee's biometric information was the design of the system and the intent of Defendants. *See Toothman v. Hardee's Food Sys. Inc.*, 304 Ill.App.3d 321,533(5th Dist. 1999) (intentional conduct causing foreseeable injury is not accidental); *Bercaw v. Domino's Pizza, Inc.*, 258 Ill.App.3d 211, 217 (2nd Dist. 1994) (not accidental when employer required employee repeat conduct it knows will result in injury.).

Defendants point to the Amended Complaint removing emotional distress damages as some sort of smoking gun. However, this only clarifies the pleadings, Defendant's ignore that Plaintiff need not plead any actual damages under BIPA. *Rosenbach* clearly stated that entities that

4

violated BIPA are subject to "liquidated damages ... whether or not actual damages ... can be shown." 2019 IL 123186 at ¶ 36. Plaintiff has not plead himself out of court by merely clarifying his pleadings.

### C. Defendants Are Not Prejudiced By Plaintiff's Amended Complaint.

While Defendants' arguments in their Motion to Dismiss will fail, they can attempt to assert, essentially, the same arguments in a Motion to Dismiss in response to Plaintiff's Amended Complaint. Further, there has been no discovery started on this case. As such, Defendants face no undue prejudice or injustice. As such, Plaintiff's motion should be granted.

## CONCLUSION

Wherefore, Plaintiff requests that he be granted leave to file the Amended Complaint.

Respectfully submitted,

Dated: July 9, 2019

/s/ David Fish_____
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C. (ID: 42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
DuPage #218726

EXHIBIT COVER SHEET                                                                                        4393 (Rev. 6/18)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

Thomas Burlinski, et al

Plaintiff,

v.

Top Golf USA, Inc., et al.

Defendant,

2019 L 000263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Ex 1 - Order

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Plaintiff's Reply in Support of His Motion for Leave to Amend Complaint**

**Document File Date:** **July 9, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:        **The Fish Law Firm, P.C.**            ☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for: **Plaintiffs**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.45

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

Marquita McDonald, individually and
on behalf of all others similarly situated,

              Plaintiff,

   v.

Symphony Bronzeville Park LLC,
Symcare Healthcare LLC, and
Symcare HMG LLC

              Defendants.

Case No. 2017-CH-11311

Calendar 2
Courtroom 2601

Judge Raymond W. Mitchell

## ORDER

    This case is before the Court on Defendant Symphony Bronzeville Park LLC's motion to dismiss Plaintiff McDonald's complaint pursuant to 735 ILCS 5/2-619(a)(9).[1]

I.

    Illinois enacted the Biometric Information Privacy Act ("BIPA") in 2008. 740 ILCS 14. BIPA is an informed consent statute which requires a private entity that collects, captures, purchases, or otherwise obtains a person's biometric information to first inform the subject in writing that biometric information is being collected or stored and the specific purposes and length of term for which the information is being collected, stored, and used. The entity must also obtain a written release from the subject consenting to collection of biometric information. 740 ILCS 14/15(b). The statute also provides a private right of action, including liquidated damages, for any person aggrieved by a violation of the act against a private entity that negligently violates a provision. 740 ILCS 14/20(1).

    The facts alleged in the complaint are taken as true for the purpose of ruling on a motion to dismiss. Plaintiff McDonald was employed at Defendant Symphony for three months. During the course of her employment, McDonald was required to scan her fingerprint to track her time at work. McDonald was never provided with nor signed a release consenting to storage of her biometric information. McDonald has also never been informed of the purposes or length of time for which her biometric information was being stored. McDonald claims to have experienced

---

[1] Defendant Symphony's Motion *Instanter* for Leave to File an Oversized Reply Brief is Granted.

mental anguish from being uninformed about what Symphony will do with her biometric information.

Plaintiff McDonald filed a class action complaint on behalf of herself and all other individuals similarly situated against Symphony alleging a violation of BIPA and negligence.

## II.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619. The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Henry v. Gallagher* (In re Estate of Gallagher), 383 Ill. App. 3d 901, 903 (1st Dist. 2008). Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, which defeat the plaintiff's claim. *Ball v. County of Cook,* 385 Ill. App. 3d 103, 107 (1st Dist. 2008).

## A.

Symphony argues McDonald lacks standing to bring suit. Symphony claims that the recent *Rosenbach* decision held that a violation of BIPA was only enough to establish statutory standing, but the affirmative defense of lack of common law standing requires a concrete injury beyond just a violation of the statute. *Rosenbach v. Six Flags Entertainment Corp.,* 2019 IL 123186. However, in *Rosenbach,* the Court held that when a private entity fails to adhere to the required procedures in BIPA, the affected individuals suffer a "real and significant" injury in that their right to maintain their biometric privacy is taken away. *Id.* at ¶ 34. Additionally, in *Sekura,* the appellate court concluded that a violation of BIPA constituted harm even if the information was not disclosed to a third party. *Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, ¶ 77. If affected individuals had to wait until additional harm had occurred beyond a violation of the Act, it would be "too late, because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply 'no recourse' for prevention." *Id.* at ¶ 59. This would be "completely antithetical to the Act's preventative and deterrent purposes." *Rosenbach,* 2019 IL at ¶ 37.

Symphony also argues that McDonald's only claim of injury is mental anguish over what could happen to her data and relies on *Maglio,* which held that risk of future harm does not constitute an injury. *Maglio v. Advocate Health & Hospitals Corp.,* 2015 IL App (2d) 140782. However, in *Duncan,* the court distinguished *Maglio* because the statute plaintiffs relied on did not expressly grant a private right of action for violations. *Duncan v. FedEx Office & Print Services,*

2019 IL App (1st) 180857, ¶ 25. Additionally, the court held in *Sekura* that mental anguish can constitute a concrete injury. *Sekura*, 2018 IL App (1st) at ¶ 78.

Symphony claims that McDonald's fear of disclosure of her biometric information would exist regardless of their compliance with the requirements in BIPA because it is merely an informed consent statute. However, *Rosenbach* held that a violation of BIPA results in the injury of lost privacy rights. *Rosenbach*, 2019 IL at ¶ 34. The loss of these rights are directly traceable and would not exist without Symphony's alleged violation of the Act.

Finally, Symphony argues that allowing plaintiffs to recover liquidated damages for minor technical violations of the Act, would expose defendants to substantial liability that would amount to punitive damages. However, the Court in *Rosenbach* stated that this liability gives these entities "the strongest possible incentive to conform to the law." *Id.* at ¶ 37. It should not be too difficult or costly for entities to comply. *Id.*

## B.

Symphony also argues that if McDonald did suffer an injury, her claim is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305. The Act is the exclusive remedy for workplace injuries unless the employee can demonstrate her injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In *Schroeder*, the court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30. However, the injury that McDonald suffered was the loss of the ability to maintain her privacy rights. This is neither a psychological nor physical injury and is not compensable under the Act.

Additionally, in *Liu*, the court stated that the Act applies "inside and outside the workplace." *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace. 740 ILCS 14/10.

III.

Therefore, it is hereby ORDERED:

(1)     Defendant Symphony's motion to dismiss Plaintiff McDonald's
        complaint is DENIED.

(2)     Defendant has until July 18, 2019 to answer.

(3)     The ruling date set for June 21, 2019 at 10:00 a.m. is stricken.

(4)     The case is continued to August 7, 2019 at 10:00 a.m.

ENTERED,

Judge Raymond W. Mitchell

JUN 1 7 2019

Circuit Court – 1996

Judge Raymond W. Mitchell, No. 1992

4

A.49

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 5570559
2019L000263
FILEDATE: 6/26/2019 7:01 PM
Date Submitted: 6/26/2019 7:01 PM
Date Accepted: 6/27/2019 8:31 AM
MP

| | |
|---|---|
| THOMAS BURLINSKI on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2019L000263 ) |
| TOP GOLF USA, INC and TOP GOLF USA SALT CREEK, LLC, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS TOP GOLF USA, INC. AND TOP GOLF USA SALT CREEK, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC ("defendants") oppose plaintiff, Thomas Burlinski's ("plaintiff") Motion for Leave to Amend Complaint, as follows:

**BACKGROUND**

On March 4, 2019, plaintiff, a former employee of defendants, filed this putative BIPA class action. The Complaint alleges that plaintiff used defendants' biometric time tracking system "throughout his employment" "from approximately April 2017 to July 2017" "to record [his] time worked." (Compl. ¶¶ 2-3.) Defendants allegedly "captured, collected, and stored [p]laintiff's fingerprint, or a representation derived from [it]" to enroll him in their biometric timekeeping system and, at the same time, "disseminated and disclosed [his fingerprint or fingerprint representation] to [d]efendants' time-keeping vendor" "without his consent."(*Id.* ¶¶ 28-29, 32.). Plaintiff alleges that this dissemination without his consent demonstrates that defendants "negligently" or "recklessly" violated BIPA, which injured plaintiff's "privacy" rights and caused plaintiff "emotional distress." (*Id.* ¶¶ 12, 32, 34, 58.)

On May 20, 2019, the Court granted defendants leave to file their Section 2-619 Motion to Dismiss ("Motion to Dismiss"). (*See* Defendants' Motion to Dismiss, attached hereto as **Exhibit A**). Defendants' Motion to Dismiss asserts that Plaintiff's BIPA claim is (1) barred by the applicable one-year statute of limitations[1] and (2) even if the Court determines that Plaintiff's BIPA claim is timely, Plaintiff's BIPA action is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA" or "Act"). *See* 820 ILCS 305/5(a) and 11. *Id.*

Recognizing the certain early demise of his BIPA claim, plaintiff moved for leave to file an Amended Complaint just three days after defendants filed their Motion to Dismiss. Plaintiff's proposed Amended Complaint ("PAC") only serves two purposes. The first is to separate his prior single cause of action under BIPA into three separate counts for violations of Section 15(a) (Count I), Section 15(b) (Count II), and 15(d) (Count III) of BIPA. (PAC ¶¶ 44-63.) The second is to delete facts related to the purported "negligent" or "reckless" violations that allegedly caused plaintiff to experience emotional distress. (*See* Argument, Sec. II, *infra.*)

Plaintiff's PAC does not cure his pleading deficiencies. His BIPA claim remains barred by the applicable one-year statute of limitations. Plaintiff's request to file the PAC is, therefore, futile and would only delay his BIPA claim's inevitable dismissal with prejudice. Furthermore, plaintiff has already pled himself out of court. Allowing plaintiff to amend his allegations to plead "back in" to court is highly prejudicial to defendants.

## ARGUMENT

Plaintiff's Motion for Leave to Amend Complaint should be denied because the PAC does not cure plaintiff's original defective pleading and an amendment would be unduly and unfairly prejudicial to defendants. Courts look at four factors in determining whether to permit amended

---

[1] Defendants also argued that if the Court determines Plaintiff's claims are not subject to a one-year statute of limitations, then any putative member that falls outside of the two-year statute of limitations should be dismissed with prejudice. (*See* **Ex. A**, pp. 6-8.)

pleadings: (1) whether the proposed amendment would cure a defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the moving party had previous opportunities to amend. *Feliciano v. Geneva Terrace Estates Homeowners Ass'n*, 2014 IL App (1st) 130269, ¶ 45. The PAC does not save plaintiff's BIPA claim from dismissal. Even if the Court determines that plaintiff's BIPA claim is not subject to the one-year statute of limitations, plaintiff's Amended Complaint would be highly prejudicial to defendants because plaintiff has already pled himself out of court.

## I. Plaintiff's Proposed Amended Complaint Does Not Cure the Prior Complaint's Statute of Limitations Deficiencies.

As discussed in defendants' Motion to Dismiss, through BIPA, plaintiff clearly alleges a "publication of a matter violating the right of privacy" which subjects plaintiff's BIPA claim to a one-year statute of limitations pursuant to 735 ILCS 5/13-201. (*See* **Ex. A**, pp. 4-6.) Just like plaintiff's original Complaint, plaintiff's PAC alleges that defendants employed plaintiff "from approximately April 2017 to July 2017." (Compl. ¶ 2; PAC ¶ 2.) Furthermore, and consistent with plaintiff's original Complaint, plaintiff's PAC alleges that defendants "disseminated and disclosed [his fingerprint] to [d]efendants' time-keeping vendor" *without first* complying with Section 15's policy, notice and consent requirements when they enrolled him in their electronic timekeeping system. (Compl. ¶¶ 28-32, 52-56; PAC ¶¶ 27-32, 54-56, 62.) Thus, plaintiff had notice of the alleged BIPA violation at the beginning of his employment in April 2017, when his interest was first invaded. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 324 (2d Dist. 2006) ("cause of action accrues at the time a party's interest is invaded").

The factual allegations relevant to defendants' statute of limitations argument in its Motion to Dismiss are no different in the PAC. Plaintiff knew or should have known of the alleged injury to his privacy rights in April 2017 and that such purported injury was wrongfully caused by defendants' alleged failure to comply with BIPA. Plaintiff did not file his BIPA claim until March 4, 2019, well

beyond the expiration of the one-year statute of limitations. The PAC does not offer any additional facts that would cure plaintiff's statute of limitations problem. *See Cookson v. Price*, 393 Ill. App. 3d 549, 552 (3d Dist. 2009) (stating that "when a proposed amendment will not cure a pleading defect, a trial court is within its discretion to deny leave to amend"). Because plaintiff's PAC does not cure his pleading deficiencies, plaintiff's Motion for Leave to Amend Complaint should be denied.

## II. Plaintiff Has Already Pled Himself Out of Court and an Opportunity to Replead Would Unfairly Prejudice Defendants.

As stated in defendants' Motion to Dismiss, if the Court does not determine that plaintiff's BIPA claim is barred by the one-year statute of limitations, the original Complaint should be dismissed because the BIPA action is preempted by the IWCA's exclusive remedy provision. (*See* **Ex. A**, pp. 10-15.) As explained in the Motion to Dismiss, plaintiff's BIPA claim is barred by the IWCA because the IWCA is an employee's exclusive remedy for "accidental injuries that arise out of and in the course of employment." (*Id.*) The BIPA claim in the original Complaint is preempted because allegations that defendants "negligently" or "recklessly" violated BIPA which caused plaintiff "emotional distress" indicate plaintiff suffered an "accident injury" arising out of his employment. (*Id.*, pp. 11-12.)

The PAC does not add new facts or claims, unlike the "typical" motion to amend. *See Golden v. Mullen*, 295 Ill. App. 3d 865 (1st Dist. 1997) (affirming the trial court's denial of plaintiff's motion for leave to amend complaint where the plaintiff did not allege any new facts). Instead, the PAC deletes facts to "plead around" the IWCA's preemption of his BIPA claim. Specifically, plaintiff deletes all allegations that he and the class members "experience[] emotional distress" as a result of defendants' purported actions. (Compl. ¶ 34-35.) In fact, plaintiff's PAC adds a footnote to paragraph 12 that specifically states, "[p]laintiff does not allege that he and others similar situated suffered *physical* or *psychological* injuries during their employment as a result of defendants' violations of the Biometric Information Privacy Act." (PAC ¶ 12, fn. 1.) It is not a coincidence that plaintiff suddenly realized he did not suffer emotional distress damages just days after defendants filed their Motion Dismiss arguing

4

plaintiff's emotional distress damages preclude recovery under BIPA. Plaintiff changed the factual allegations of the Complaint solely to survive defendants' Motion to Dismiss.

This Court has broad discretion to deny leave to amend in this instance. In such circumstances where plaintiff has pled himself out of court with the allegations in his prior complaint, courts will deny requests to file an amended complaint. *See Hu v. Huey*, 2008 WL 2797000, *6 (N.D. Ill. July 18, 2008) (denying plaintiff's motion to amend; a "Court has discretion in deciding when to allow parties to amend their pleadings" and "found that Hu effectively pleaded himself out of Court"); *see also Wallace v. NYC Dep't of Corrections*, No. 1996 WL 586797, *2 (E.D. N.Y. Oct. 9, 1996) ("This court accepts the facts as described in the original complaint as true" instead of plaintiff's "amended complaint" because "plaintiff blatantly change[d]" his statement of facts in response to defendants' motion to dismiss, granting defendants' motion to dismiss). As such, the Court should deny plaintiff's Motion for Leave to Amend Complaint due to plaintiff's blatant attempt to plead around dismissal in his PAC.

### III. Alternatively, the Court Should Rule on Defendants' Motion to Dismiss Prior to Ruling on Plaintiffs' Motion for Leave to Amend Complaint.

If the Court is not inclined to deny plaintiff's Motion for Leave to Amend Complaint, adjudicating defendants' Motion to Dismiss prior to ruling on plaintiff's Motion for Leave to Amend Complaint is the most efficient means to resolving the Court's pending motions. Should the Court allow plaintiff to file his PAC, defendants will have no choice but to draft a new motion to dismiss, raise similar arguments, and explain the differences between the two complaints and the reasons plaintiff attempted to delete facts and claims to avoid dismissal. The parties will be in the same position as they are now, but defendants will be required to expend significant, unnecessary attorneys' fees, effort and time to get there.

To avoid this undue and unfair prejudice, defendants request that the Court deny plaintiff's Motion for Leave to Amend Complaint or, in the alternative, hold it in abeyance while the parties

finish briefing defendants' Motion to Dismiss. As part of its case management powers, the Court may instead direct plaintiff to respond to defendants' Motion to Dismiss, explain why he now seeks to amend his complaint, and reference his PAC. Defendants will do the same in their reply: explain why plaintiff pled himself out of court in his original Complaint, why he seeks to change the Complaint, and why defendants should prevail on their Motion to Dismiss even with plaintiff's attempted changes. This is a fair compromise, which helps to ameliorate the prejudice to defendants.

## CONCLUSION

Plaintiff's PAC does not allege any additional facts that will save his BIPA claim from dismissal pursuant to the statute of limitations. Thus, granting plaintiff's Motion for Leave to Amend Complaint would be futile. Even if the Court determines that plaintiff's BIPA claim is not barred by the applicable statute of limitations, granting plaintiff's Motion for Leave to Amend Complaint would unduly prejudice defendants because plaintiff has already pled himself out of court, and the PAC seeks only to "plead around" defendants' Motion to Dismiss. Defendants respectfully request that plaintiff's Motion for Leave to Amend Complaint be denied and that the Court order the parties to brief defendants' Motion to Dismiss.

**WHEREFORE**, for the foregoing reasons, defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC respectfully request that this Court deny plaintiff's Motion for Leave to Amend Complaint and for all such further relief that the Court deems just.

DATED:  June 26, 2019

By:    _/s/ Anne E. Larson_
          One of the Attorneys for Defendants

Anne E. Larson (ARDC No. 6200481)
Michael Furlong (ARDC No. 6317963)
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
_anne.larson@ogletree.com_
_michael.furlong@ogletree.com_
Firm No. 7825
DuPage #7285 clk

7

A.56

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 26, 2019, the foregoing **Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint** was filed electronically with the Clerk of Court's electronic delivery system, which sent notification of such filing to:

Douglas M. Werman
Zachary C. Flowerree
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
*dwerman@flsalaw.com*
*zflowerree@flsalaw.com*

David Fish
Seth Matus
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
*dfish@fishlawfirm.com*
*smatus@fishlawfirm.com*
*khilton@fishlawfirm.com*
*kunze@fishlawfirm.com*

**Attorneys for Plaintiff**


 /s/  Anne E. Larson


38733750.3

A.57

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| **THOMAS BURLINSKI** on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | Chris Kachiroubas<br>e-filed in the 18th Judicial Circuit Court<br>DuPage County<br>ENVELOPE: 5570559<br>2019L000263<br>FILEDATE: 6/26/2019 7:01 PM<br>Date Submitted: 6/26/2019 7:01 PM<br>Date Accepted: 6/27/2019 8:31 AM<br>MP |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. **2019L000263** |
| **TOP GOLF USA, INC.** and **TOP GOLF USA SALT CREEK, LLC,** | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' SECTION 2-619 MOTION TO DISMISS

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletree.com*
Firm No. 7285

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................1

FACTUAL BACKGROUND ...............................................................2

ARGUMENT ......................................................................................4

    A.    Legal Standard ...................................................................4

    B.    The Complaint is Time-Barred by the One-Year Statute of Limitations for Privacy Claims ...............................................4

        1.    The Complaint Pleads a Privacy Claim Subject to a One-Year Statute of Limitations. ............................5

        2.    In the Alternative, the Complaint Pleads a Statutory Penalty Claim Subject to a Two-Year Statute of Limitations. ............................6

        3.    Alternatively, the Complaint Pleads a Personal Injury Claim Subject to a Two-Year Statute of Limitations. ............................8

        4.    Plaintiff's BIPA Claim Accrued When Defendants Failed to Comply With BIPA's Policy, Notice and Consent Requirements Prior to the Initial Collection of His Fingerprint. ..........8

    C.    The Complaint's BIPA Claim is Barred by the IWCA's Exclusive Remedy Provision ...............................................10

        1.    The Complaint Alleges an "Accidental Injury" Subject to the IWCA's Exclusive Remedy Provisions. ............................11

        2.    The Complaint Pleads Facts to Show That the Injury "Arises Out of" Plaintiff's Employment – *i.e.*, There is a Causal Connection Between His Employment and Injury. ............................12

        3.    The Complaint Pleads Facts to Show that the Injury Occurred "In the Course of" Plaintiff's Employment. ............................13

        4.    The Injury is Compensable under the IWCA. ............................14

CONCLUSION .................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barlow v. United States,*
    32 U.S. 404 (1833)......................................................................................................9

*Blair v. Nevada Landing P'ship,*
    369 Ill.App.3d 318 (2d Dist. 2006).....................................................................6, 9

*Caterpillar Tractor Co. v. Indus. Com,*
    129 Ill.2d 52 (1989).........................................................................................13, 14, 15

*Clay v. Kuhl,*
    189 Ill.2d 603 (2000)...................................................................................................4

*Folta v. Ferro Eng'g,*
    2015 IL 118070................................................................................................4, 10, 14, 15

*Garland v. Morgan Stanley & Co., Inc.,*
    2013 IL App (1st) 112121........................................................................................12

*Hernon v. E.W. Corrigan Constr. Co.,*
    149 Ill.2d 190 (1992)..................................................................................................4

*Landis v. Marc Realty, L.L.C.,*
    235 Ill.3d 1, 13-14 (2009).......................................................................................6, 7

*Livingston v. Meyers,*
    6 Ill.2d 325 (1955).....................................................................................................9

*Mayfield v. ACME Barrel Co.,*
    258 Ill.App.3d. 32 (1994)..........................................................................................12

*Meerbrey v. Marshall Field & Co., Inc.,*
    139 Ill.2d 455 (1990)...........................................................................................10, 11

*Mitchell v. White Motor Co.,*
    58 Ill.2d 159 (1974)....................................................................................................8

*Namur v. Habitat Co.,*
    294 Ill.App.3d 1007 (1st Dist. 1998)........................................................................7

*Rivera v. Google Inc.,*
    238 F.Supp.3d 1088 (N.D. Ill. 2017).........................................................................7

*Rosenbach v. Six Flags Entertainment Corp.*,
    2019 IL 123186 ............................................................................................ *passim*

*Senesac v. Employer's Voc. Res.*,
    324 Ill.App.3d 380 (1st Dist. 2001) ..................................................... 11, 12

*Unger v. Continental Assurance Co.*,
    107 Ill.2d 79 (1985) ...................................................................................... 14

*Upton v. Tribilcock*,
    91 U.S. 45 (1875) ............................................................................................ 9

*Wells v. I F R Eng'g Co.*,
    247 Ill.App.3d 43 (1st Dist. 1993) ............................................................ 12

**Statutes**

735 ILCS 5/2-619 ............................................................................... *passim*

735 ILCS 5/2-619(a)(5) ........................................................................... 1, 4

735 ILCS 5/2-619(a)(9) ........................................................................... 1, 4

735 ILCS 5/13-201 ............................................................................ *passim*

735 ILCS 5/13-202 ......................................................................... 6, 7, 8, 9

740 ILCS 14/1 *et seq.* ..................................................................... *passim*

740 ILCS 14/10 ........................................................................................... 3

740 ILCS 14/15 ........................................................................... 3, 5, 9, 13

740 ILCS 14/15(a) ...................................................................................... 5

740 ILCS 14/15(b) ................................................................................... 3, 5

740 ILCS 14/15(d) ...................................................................................... 3

740 ILCS 14/15(d)(1) .................................................................................. 3

740 ILCS 14/20(1) ................................................................................... 4, 7

740 ILCS 14/20(2) ................................................................................... 4, 7

765 ILCS 1075/10 ....................................................................................... 6

765 ILCS 1075/30 ....................................................................................... 6

820 ILCS 305 ................................................................................................................1

820 ILCS 305/5(a) .............................................................................1, 10, 11, 14

820 ILCS 305/11 .....................................................................................1, 11, 14

**A.62**

## INTRODUCTION

This is a single-count putative class action under the Biometric Information Privacy Act ("BIPA"). *See* 740 ILCS 14/1 *et seq*. Defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC (collectively, "defendants") move to dismiss the Class Action Complaint ("Complaint") with prejudice pursuant to Section 2-619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-619(a)(5) and (a)(9).

The BIPA claim is time-barred because plaintiff Thomas Burlinski ("plaintiff" or "Burlinski") did not file his lawsuit within one year after his cause of action accrued under the one-year statute of limitations applicable to privacy claims. *See* 735 ILCS 5/13-201. In fact, plaintiff's BIPA action accrued in April 2017, and plaintiff waited almost two years to file his Complaint on March 4, 2019. Because the BIPA claim is untimely, it must be dismissed with prejudice pursuant to Section 2-619.

Even if the court finds the BIPA claim timely (which it is not), it is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA" or "Act"). *See* 820 ILCS 305/5(a) and 11. The IWCA was established as a "grand bargain" between employers and employees that makes workers' compensation the "exclusive remedy" for "accidental" workplace injuries that "arise out of and in the course of the employment." In return, the Act prohibits an employee from filing a civil lawsuit seeking damages against the employer for a work-related injury.

The exclusive remedy provisions are not limited to an employee's common law claims. They expressly apply to any "statutory right to recover damages", such as BIPA. *See* 820 ILCS 305/5(a). Here, the exclusive remedy test – an "accidental injury that arises out of and in the course of the employment" – is met based on the Complaint's allegations and supporting case law. The injury is "accidental" because the Complaint alleges that defendants' BIPA violations were "negligent" or "reckless." Illinois case law equates negligent or reckless conduct with "accidental injuries" compensable under the Act. (Compl. ¶¶11, 30-2, 52-56.)

The "arising out of" and "in the course of employment" elements are satisfied because the Complaint alleges that the statutory violations which produced plaintiff's injuries are causally connected to duties plaintiff was required to perform and occurred in the workplace, during working hours. (*Id.* ¶¶3-4, 28-19.) The Complaint further alleges that plaintiff "has experienced injury in the form of mental anguish." (*Id.* ¶¶34-35.) The Illinois Supreme Court has held that emotional distress and mental anguish injuries are plainly compensable under the IWCA. Thus, the Complaint's BIPA claim is preempted by the IWCA and must be dismissed with prejudice pursuant to Section 2-619.

## FACTUAL BACKGROUND

On March 4, 2019, plaintiff, a former employee of defendants, filed this putative BIPA class action. The Complaint alleges that plaintiff used defendants' biometric time tracking system "throughout his employment" "from approximately April 2017 to July 2017" "to record [his] time worked." (*Id.* ¶¶2-3.) Defendants allegedly "captured, collected, and stored [p]laintiff's fingerprint, or a representation derived from [it]" to enroll him in their biometric timekeeping system and, at the same time, "disseminated and disclosed [his fingerprint or fingerprint representation] to [d]efendants' time-keeping vendor" "without his consent."(*Id.* ¶¶28-29, 32.)

The Complaint further alleges that "[d]efendants required [p]laintiff … to scan [his] fingerprint[] in [d]efendants' biometric time clock when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (*Id.* ¶4.) In short, the Complaint alleges that plaintiff's collected fingerprint was used to communicate and authenticate his presence in the facility and time worked. (*Id.* ¶¶3-4, 6.)

2

Section 15(b) requires private entities to comply with BIPA's notice and consent requirements *before* they collect an individual's biometric identifier[1] or biometric information:[2]

> (b) No private entity may collect, capture, purchase, receive through trade or otherwise obtain a person's or a customer's biometric identifier or biometric information, *unless it first*:
>
> (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information....

740 ILCS 14/15(b); *see also* Compl. ¶¶24-27.

Section 15(d) prohibits a "private entity in possession of a biometric identifier or biometric information" from "disclos[ing], redisclos[ing], or otherwise disseminat[ing] [it] unless (1) the subject ... consents to the disclosure or redisclosure." 740 ILCS 14/15(d)(1).

The Complaint alleges that defendants "negligently" or "recklessly" violated BIPA, which injured plaintiff's "privacy" rights and caused plaintiff "emotional distress." (Compl. ¶¶12, 32, 34, 58.) The Complaint does not allege that defendants acted with specific intent to injure plaintiff. Instead, it alleges that defendants violated Section 15 of BIPA by:

> 52. ... capturing or collecting Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without first informing [him] in writing ....
>
> 53. ... capturing or collecting Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without first informing [him] in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's ... biometric identifier[] and/or biometric information.

---

[1] "Biometric identifiers" are defined to include a "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *See* 740 ILCS 14/10.

[2] "Biometric information" means "any information ... based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *See* 740 ILCS 14/10.

54.  … capturing or collecting Plaintiff's … fingerprint[] and information based on [his] fingerprint[] without first obtaining [his] written consent or other release authorizing Defendants to capture or collect Plaintiff's biometric identifier[] and/or biometric information.

55.  … possessing Plaintiff's … fingerprint[] and information based on [his] fingerprint[] without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

56.  … disclosing or otherwise disseminating Plaintiff's … fingerprint[] and information based on [his] fingerprint[] to Defendant's time-keeping vendor without first obtaining [his] consent for that disclosure or dissemination.

(*Id.* ¶¶52-56.) Plaintiff seeks no actual damages but statutory damages "for each violation of [BIPA], pursuant to 740 ILCS 14/20(1)-(2)." (*Id.* Prayer for Relief (A).)

## ARGUMENT

### A.  Legal Standard

A Section 2-619 motion to dismiss admits the legal sufficiency of a claim, accepts well-pled allegations as true but asserts a defense that nevertheless defeats the claim. 735 ILCS 5/2-619. It enables the court to dismiss a complaint after considering issues of law or easily proved issues of fact. Section 2-619(a)(5) allows for dismissal where the "action was not commenced within the time limited by law," while 2-619(a)(9) allows for a dismissal where the claim is "barred by other affirmative matter" that avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(5), (9). *See Folta v. Ferro Eng'g*, 2015 IL 118070, ¶¶4, 52 (affirming circuit court's Section 2-619(a)(9) dismissal of claims as barred by the IWCA's exclusive remedy provisions); *Clay v. Kuhl*, 189 Ill.2d 603, 606 (2000) (affirming circuit court's Section 2-619(a)(5) dismissal of action as barred by the applicable statute of limitations).

### B.  The Complaint is Time-Barred by the One-Year Statute of Limitations for Privacy Claims.

The General Assembly did not include a statute of limitations when it enacted BIPA. In such instances, courts look to existing Illinois statutes of limitations and apply the most specific one. *See Hernon v. E.W. Corrigan Constr. Co.*, 149 Ill.2d 190 (1992), citing *Calumet Country Club v. Roberts*

4

*Environmental Corp.*, 136 Ill.App.3d 610, 612 (2d Dist. 1985) (where two statutes of limitations arguably apply to the same action, the "specific" statute of limitations trumps or "takes precedence over the general limitations period of section 13-205").

Here, the most specific, applicable statute of limitations is the one-year period for privacy claims, 735 ILCS 5/13-201. BIPA's public policy concerns in preventing or promptly remediating violations before biometric information "can be compromised" is best served by applying a short statute of limitations. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶36. The sooner companies are put on notice of any alleged BIPA violation, the sooner they can investigate and take steps, if necessary, to better protect biometric data.

1.    **The Complaint Pleads a Privacy Claim Subject to a One-Year Statute of Limitations.**

Privacy claims are governed by the one-year statute of limitations in 735 ILCS 5/13-201:

Defamation – Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.

Here, the Complaint alleges defendants violated plaintiff's and the putative class' "privacy" rights in their "biometric identifiers and information." (Compl. ¶12.) The Complaint plainly alleges Sections 15(a)-(b) policy, notice and consent violations and a Section 15(d) "unauthorized disclosure/dissemination" or publication to a third party. (*Id.* ¶¶29, 32.) Accordingly, it meets the plain language of Section 13-201 which applies to a "publication of matter violating the right of privacy."

Plaintiff alleges that defendants violated his "privacy rights" by collecting his fingerprint *without first* complying with Section 15's policy, notice and written consent requirements and by disclosing or disseminating his fingerprint to a third-party vendor without his consent. (*Id.* ¶¶28-29, 32, 52-56.) That is plainly a "publication of matter violating the right of privacy."

The application of Section 13-201's one-year statute of limitations to analogous privacy statutes with comparable language and protections provides further support for its application to

5

BIPA. BIPA's purpose is to give individuals the right to control whether a private entity can capture, use, store or disclose their biometric information by requiring their prior consent. The Illinois Right of Publicity Act serves a nearly identical purpose – it gives individuals the "right to control and choose whether and how" their "identity" is used "for commercial purposes." 765 ILCS 1075/10. This privacy right is violated when a defendant makes "use of an individual's identity for commercial purposes … without having obtained previous written consent." 765 ILCS 1075/30. Courts have held that the Right of Publicity Act's statute of limitations is Section 13-201's one-year limitations period. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 324 (2d Dist. 2006) (applying Section 13-201's one-year statute of limitations).

Here, the Complaint alleges that defendants used plaintiff's biometric information without his consent for a commercial purpose, *i.e.,* the operation of its business, and disclosed and disseminated it without authorization to its third-party vendor. Thus, when applying the Complaint's language, along with BIPA's language and purpose, the court should find that this action for violation of plaintiff's privacy rights is subject to the same one-year limitations period as an action under the Right of Publicity Act. The language and purpose of the two statutes are functionally the same.

## 2. In the Alternative, the Complaint Pleads a Statutory Penalty Claim Subject to a Two-Year Statute of Limitations.

If the Complaint is not construed to plead a privacy violation subject to Section 13-201, then the alternative is to treat it as a statutory penalty claim. In Illinois, claims for statutory penalties and personal injuries are governed by a two-year statute of limitations, 735 ILCS 5/13-202:

> Personal injury – Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, . . . shall be commenced within 2 years next after the cause of action accrued.

In *Landis v. Marc Realty, L.L.C.*, 235 Ill.3d 1, 13-14 (2009), the Illinois Supreme Court explained the difference between statutory penalty and remedial statutes. A "statute is remedial where it 'imposes liability only when actual damage results from a violation' and where 'liability is contingent upon

damage being proven by the plaintiff.'" *Id.* at 13. By contrast, a statute is penal when it imposes automatic liability for a violation of its terms, sets forth a predetermined amount of damages and imposes liability regardless of plaintiff's actual damages. *Id.* Thus, a claim seeking predetermined statutory damages is a "statutory penalty" subject to Section 13-202 where, as here, the statutory "relief available . . . is not dependent on plaintiffs' actual damages." *Id.* at 14.

Statutes can be both penal and remedial. *See Namur v. Habitat Co.*, 294 Ill.App.3d 1007, 1010-11 (1st Dist. 1998) (ordinance was both penal and remedial but "action is one for a 'penalty' within the meaning of section 13-202" because plaintiffs sought to recover only under the ordinance's fixed or formulaic damages). A statutory penalty claim is alleged when the statute imposes automatic liability for a violation of its terms, the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff. *Namur*, 294 Ill.App.3d at 1010-11.

Here, both elements are met. There is "automatic liability for a violation of [BIPA's] terms" because the Complaint pleads defendants "negligently" or "recklessly" violated BIPA. (Compl. ¶58.) "Automatic liability for a violation of its terms" does not mean strict liability (*i.e.*, liability without fault), but liability resulting from a negligent or reckless violation. *Rivera v. Google Inc.*, 238 F.Supp.3d 1088, 1104 (N.D. Ill. 2017) (BIPA "only subjects violators to statutory damages if there is negligence ... recklessness, or intent to violate the Act" citing to 740 ILCS 14/20(1)-(2)).

The second element is also met because the amount of liability is "predetermined by the act and imposed without actual damages suffered by the plaintiff." In *Rosenbach*, the Illinois Supreme Court held that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act" to seek statutory damages under BIPA. *Rosenbach*, 2019 IL 123186, ¶40. The Complaint does not plead or seek "actual damages" but only predetermined statutory damages under "740 ILCS 14/20(1)-(2)." (Compl. Prayer for Relief (A).) *Rosenbach* further explained that the General Assembly's intent was to "subject[] private entities who fail to follow the statute's

7

requirements to substantial potential liability" for "preventative and deterrent purposes." *Id.* ¶¶36-37. That is the essence of a statutory penalty.

Thus, the two-year statute of limitations for statutory penalties should apply (if the one-year limitations period does not), and the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

### 3.   Alternatively, the Complaint Pleads a Personal Injury Claim Subject to a Two-Year Statute of Limitations.

The Complaint also can be construed to allege a personal injury claim based on negligent or reckless conduct. It alleges that defendants owed statutory duties to plaintiff and negligently or recklessly violated (or breached) its statutory duties as set forth in Paragraphs 52-56. (*See* Factual Background, pp. 3-4.)

The Complaint further alleges that defendants' negligent or reckless conduct "caused" plaintiff's "emotional distress." (Compl. ¶¶34-35.) *See Mitchell v. White Motor Co.*, 58 Ill.2d 159, 163 (1974) (the two-year statute of limitations for personal injury claims applies to both allegations of "direct physical or mental injury").

Because the Complaint can also be construed to allege a personal injury claim against defendants for purportedly breaching their duty to collect, store and use plaintiff's biometric data in compliance with BIPA, Section 13-202's two-year limitations period for personal injury claims can be applied in the alternative, if the Complaint is not construed to plead a privacy violation subject to Section 13-201 or a statutory penalty subject to Section 13-202. Thus, the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

### 4.   Plaintiff's BIPA Claim Accrued When Defendants Failed to Comply With BIPA's Policy, Notice and Consent Requirements Prior to the Initial Collection of His Fingerprint.

Whether plaintiff's BIPA claim is subject to the one- or two-year statute of limitations, Sections 13-201 and 13-202 have the same "accrual" provision. Under Section 13-201, "[a]ctions for

damages . . . shall be commenced within one year *next after the cause of action accrued*." Section 13-202 requires that actions "be commenced within 2 years *next after the cause of action accrued*." 735 ILCS 5/13-201 and 202 (emphasis added.)

BIPA was passed in 2008. The bedrock foundation of our legal system is that all persons, including plaintiff, are "presumed to know the law." *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("The law is presumed to be equally within the knowledge of all parties"); *Livingston v. Meyers*, 6 Ill.2d 325, 334 (1955) (in construing and applying a statute, "[i]t must be presumed that people will know the law and abide by its requirements to protect their property interests").

Because plaintiff is presumed to know the law, he was on notice of any potential right of action BIPA gave him upon the statute's enactment. Plaintiff cannot excuse his failure to timely file within the one-year statute of limitations on any lack of knowledge of BIPA. *See, e.g., Barlow v. United States*, 32 U.S. 404, 411 (1833) ("The whole course of the jurisprudence, criminal as well as civil, of the common law, points to a … common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally").

A "cause of action accrues at the time a party's interest is invaded." *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d at 324. Under the plain language of BIPA, the violation occurs when a private entity initially "collects" an individual's biometric information "unless it first" complies with Section 15's policy, notice and consent requirements. 740 ILCS 14/15. Here, the Complaint alleges that defendants violated BIPA when they "captured" plaintiff's fingerprint to enroll him in their biometric timekeeping system *without first* complying with Section 15 and "disseminated and disclosed [his fingerprint] to [d]efendants' time-keeping vendor without his consent." (Compl. ¶¶28-29, 31-32.)

In *Rosenbach*, the Illinois Supreme Court explained that an individual suffers a "real and significant" injury *at the time* BIPA is violated and that his privacy right "vanishes into thin air." 2019 IL 123186, ¶34. Thus, plaintiff was injured and his claim accrued at the time of the alleged violation

9

in April 2017. (Compl. ¶¶2, 28-32.) The Complaint, however, was not filed until March 4, 2019, almost two years after plaintiff's claim "accrued" in April 2017. This lawsuit is, therefore, untimely under the one-year statute of limitations in Section 13-201 and must be dismissed with prejudice under Section 2-619.

## C.   The Complaint's BIPA Claim is Barred by the IWCA's Exclusive Remedy Provision.

In the alternative, the Complaint should be dismissed under Section 2-619 because the BIPA action is preempted by the IWCA's exclusive remedy provision. The IWCA is an employee's exclusive remedy for "accidental injuries that arise out of and in the course of employment" and relieves the employer of employee lawsuits seeking "large damages verdicts" such as this BIPA class action. *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 462 (1990). There, the Illinois Supreme Court explained that the IWCA is a "grand bargain" between employers and employees, which makes workers' compensation the "exclusive remedy" for workplace injuries:

> The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts."

*Id.* 462, citing 2A A. Larson, Law of Workmen's Compensation §65.11 (1988). *See also Folta*, 2015 IL 118070, ¶12 ("In exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries … arising out of and in the course of employment").

Section 5(a) of the IWCA applies the exclusive remedy provision not only to "common law" actions but also to a "statutory right to recover damages from the employer" such as BIPA. 820 ILCS 305/5(a). Section 5(a) limits employees to the compensation provided by the IWCA when they have a "common law or *statutory right to recover damages* from the employer" for "injury … sustained … while engaged in the line of his duty":

> No common law or *statutory right to recover damages* from the employer, his insurer, …
> or the agents or employees of any of them for injury or death sustained by any
> employee while engaged in the line of his duty as such employee, other than the
> compensation herein provided, is available to any employee who is covered by the
> provisions of this Act….

820 ILCS 305/5(a) (emphasis added).

Section 11 explicitly states that the compensation provided by the IWCA is the employer's full "measure of responsibility" for "accidental injuries sustained by any employee arising out of and in the course of the employment":

> The compensation herein provided, together with the provisions of this Act, shall be
> the measure of the responsibility of any employer … for accidental injuries sustained
> by any employee arising out of and in the course of the employment according to the
> provisions of this Act….

820 ILCS 305/11.

Collectively, Sections 5 and 11 of the IWCA bar this BIPA action unless plaintiff proves his injury: (1) was not accidental but intentionally inflicted by defendants, (2) did not arise from his employment, (3) did not occur during the course of his employment, or (4) is not compensable under the IWCA. *Meerbrey*, 139 Ill. 2d at 462-63.

The Complaint does not plead any of these exceptions to the IWCA's exclusivity rule. Instead, the Complaint's allegations show the exclusive remedy provision – "an accidental injury that arises out of and in the course of employment" – is met.

**1. The Complaint Alleges an "Accidental Injury" Subject to the IWCA's Exclusive Remedy Provisions.**

The Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury" covered by the IWCA's exclusive remedy provisions. The Complaint alleges that defendants "negligently" or "recklessly" violated BIPA and that plaintiff "experiences emotional distress." (Compl. ¶¶34-35, 52-56, 58.) Case law equates an injury resulting from negligence or recklessness with "accidental injury." *See Senesac v. Employer's Voc. Res.*, 324 Ill.App.3d 380, 392 (1st Dist. 2001)

("Plaintiffs' allegations that defendants' actions were negligent" are preempted "under the exclusivity provisions of the Act"); *see also Wells v. I F R Eng'g Co.*, 247 Ill.App.3d 43, 46 (1st Dist. 1993) (affirming dismissal of wrongful death action under the exclusive remedy rule, which applies to "accidental injuries resulting from the reckless negligence of the employer;" "[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it…. For conduct to be intentional, a person must commit the act and he must also intend to produce the harm. But if a person commits an act and only realizes there is a strong probability that harm might result, his conduct is merely reckless").

To show that an injury is "not accidental," plaintiff must allege and establish that defendants "acted deliberately and with specific intent to injure" him. *Garland v. Morgan Stanley & Co., Inc.*, 2013 IL App (1st) 112121, ¶29, *citing Copass v. Illinois Power Co.*, 211 Ill.App.3d 205, 214 (4th Dist. 1991) (plaintiff "must allege that the defendant acted deliberately with specific intent to injure the employee") *and Mayfield v. ACME Barrel Co.*, 258 Ill.App.3d. 32, 35 (1994) ("only when the employer acts with specific intent to injure the employee that the resultant injury is stripped of its accidental character").

Here, the Complaint fails to plead that defendants acted with "specific intent to injure" plaintiff, which is necessary to strip the alleged injury of its accidental character. Indeed, the Complaint alleges no facts to show that defendants acted with specific intent to injure plaintiff. Rather, the Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury," and thus, the accidental injury element is met. The first exception to the exclusivity rule – that the injury was not accidental but intentionally inflicted with specific intent to injure plaintiff – is not applicable.

2. **The Complaint Pleads Facts to Show That the Injury "Arises Out of" Plaintiff's Employment – *i.e.*, There is a Causal Connection Between His Employment and Injury.**

The "arising out of the employment" requirement refers to the "causal connection between the employment and the accidental injury." *Senesac*, 324 Ill.App.3d at 386. An injury "arises out of the

employment" if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. *Caterpillar Tractor Co. v. Indus. Com*, 129 Ill.2d 52, 58 (1989).

The Complaint pleads the necessary causal connection between plaintiff's employment and injury. It alleges that "throughout his employment" beginning "April 2017," he was "required to use a biometric time clock to record [his] time worked" "when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (Compl. ¶¶2-4.) It further alleges that defendants failed to comply with Section 15's written notice and consent requirements before it collected plaintiff's biometric information or re-disclosed it to its biometric vendor and that this BIPA violation caused him to "experience[] emotional distress." (*Id.* ¶¶11, 30-35, 52-56, 58.)

Thus, the Complaint alleges plaintiff suffered injury from defendants' alleged failure to comply with BIPA, and thus, his alleged injury arises out of his employment with defendants. The second exception for injuries that did "not arise out of the employment" does not apply.

### 3. The Complaint Pleads Facts to Show that the Injury Occurred "In the Course of" Plaintiff's Employment.

Injuries sustained on an employer's premises and during working hours while an employee performs his work duties are deemed to arise "in the course of the employment." *Caterpillar*, 129 Ill.2d at 57. Here, the Complaint alleges that when he was hired in "April 2017," defendants allegedly "captured, collected, and stored [p]laintiff's fingerprint" to enroll him in their biometric timekeeping system *without first* complying with Section 15's policy, notice and written consent requirements. (Compl. ¶¶11, 28-32, 52-56.) It further alleges he was "required to use a biometric time clock to record [his] time worked" "when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (*Id.* ¶¶2-4.)

Thus, the injury plaintiff sustained occurred during working hours, at the location where he worked, and while performing his job duties – *i.e.*, "in the course of his employment." The third exception to the exclusivity rule – that the injury did "not arise in the course of his employment" – is inapplicable.

### 4. The Injury is Compensable under the IWCA.

The Illinois Supreme Court recently held that when BIPA is violated, plaintiff suffers a "real and significant" injury to his "right to privacy in and control over [his] biometric identifiers and biometric information":

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." This is no mere "technicality." The injury is real and significant.

*Rosenbach,* ¶¶33-34 (citation omitted). This leaves no doubt that plaintiff has suffered an alleged "injury" that mandates application of the IWCA's exclusive remedy provision.

The exclusivity provisions in Sections 5 and 11 of the IWCA apply, respectively, to an "injury … sustained by any employee while engaged in the line of his duty as such employee" and to "accidental injuries sustained by any employee arising out of and in the course of the employment." 820 ILCS 305/5(a) and 11. Analyzing this plain statutory language, the Illinois Supreme Court has repeatedly held since 1965 that an injury is "compensable under the Act" if it was "suffered in the line of duty," which means it "arose out of and in the course of employment." *See Folta*, 2015 IL 118070, ¶¶18-30, citing *Sjostrom v. Sproule*, 33 Ill.2d 40, 43 (1965) ("the 'line of duty' test is therefore construed as identical to the general test of compensability, 'arise out of and in the course of employment'") and *Unger v. Continental Assurance Co.*, 107 Ill.2d 79, 85 (1985) ("The pivotal question … is whether the injury alleged is compensable under the Act. An injury will be found to be compensable if it "aris[es] out of and in the course of the employment." *Caterpillar* is yet another Illinois Supreme Court decision that leaves no doubt as to what "an injury compensable under the Act" means: "In order for an injury

14

to be compensable under the Workers' Compensation Act, the injury must arise out of and in the course of the employment." *Caterpillar Tractor Co. v. Indus. Comm'n*, 129 Ill.2d 52, 56 (Ill. 1989).

As discussed in Sections B(2)-(3) above, plaintiff's alleged injury arose out of and in the course of his employment and, thus, is compensable under the IWCA. The Illinois Supreme Court has also held that "emotional distress," as alleged by plaintiff, is plainly compensable under the IWCA. *See Folta*, ¶¶20-23, citing *Pathfinder Co. v. Industrial Comm'n*, 62 Ill.2d 556, 563 (1976).

The Illinois Supreme Court has explained that whether an "injury is compensable" is not defined or controlled by the "ability to recover benefits for a particular injury" or by "limitations on the amount and type of recovery under the Act." *Folta*, ¶¶23, 30. "[S]ince 1956, this court has held that despite limitations on the amount and type of recovery under the Act, the Act is the employee's exclusive remedy for workplace injuries." *Id.* ¶30.

The Illinois Supreme Court holdings in *Folta* and *Rosenbach* leave no doubt that plaintiff has suffered an alleged "injury … compensable under the Act" that mandates application of the IWCA's exclusive remedy provisions. Accordingly, plaintiff's BIPA claim is preempted by the IWCA and must be dismissed with prejudice.

## CONCLUSION

For all of the above reasons, plaintiff's BIPA claim is preempted by the exclusive remedy provisions of the IWCA and should be dismissed with prejudice. His claim is also time-barred by the one-year statute of limitations applicable to privacy claims. In the alternative, the two-year statute of limitations should apply (if the one-year limitations period does not), and the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

Accordingly, defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC respectfully request that the Complaint be dismissed with prejudice pursuant to Section 2-619 of the Illinois Code of Civil Procedure and for all such further relief that this Court deems just.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 26, 2019, she caused the foregoing ***Defendants' Section 2-619 Motion to Dismiss*** to be filed electronically with the Clerk of Court's electronic delivery system, which sent notification of such filing to:

Douglas M. Werman
Zachary C. Flowerree
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
*dwerman@flsalaw.com*
*zflowerree@flsalaw.com*

David Fish
Seth Matus
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
*dfish@fishlawfirm.com*
*smatus@fishlawfirm.com*
*khilton@fishlawfirm.com*
*kunze@fishlawfirm.com*

***Attorneys for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendants
Top Golf USA, Inc. and Top Golf USA Salt
Creek, LLC

38212187.5

A.78

2180
640
2180 *Thomas Burlinski*

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
WHEATON, DUPAGE COUNTY, ILLINOIS

**e-FILED**
MAY 29, 2019 01:50 PM
*Chris Kachiroubas*
CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

Thomas Burlinski )
)
)
Plaintiff(s), )
) CASE NO. 2019 L 263
vs. )
Top Golf USA, Inc. )
)
)
Defendant(s). )

**ORDER SETTING**
**BRIEFING SCHEDULE AND HEARING DATE**

1. DEFENDANTS FOR LEAVE TO EXCEED 10 PAGE LIMIT

THIS CAUSE coming on to be heard on the motion of 2. PLAINTIFF'S MOTION to/for
FOR LEAVE TO FILE AMENDED COMPL
_____ due notice having been given and the Court being fully
advised:

**IT IS HEREBY ORDERED:**

1) Respondent(s), TOPGOLF _____, shall file a **response brief** by
WED., JUNE 26, 2019 ;

2) Movant, THOMAS BURLINSKI , shall file a **reply brief** by
WED., JULY 10, 2019 ;

3) Pursuant to Local Rule 6.05, **Movant shall deliver printed courtesy copies** of all briefs
and applicable pleadings to the Judge by MON., JULY 15, 2019 ;

4) **Hearing** on the Motion to/for LEAVE TO AMEND COMPLAINT is set for
WED., JULY 31, 2019 at 9:30 am/pm in courtroom **2014**.

5) Any request for continuance of the hearing date must show good cause.

6) DEFENDANTS' MOTION FOR LEAVE TO FILE THEIR SECTION 2-615 MOTION TO
DISMISS IN EXCESS OF 10 PAGES INSTANTER IS GRANTED.

7. STATUS ON DEFENDANTS' SECTION 2-619 MOTION TO DISMISS IS SET FOR
JULY 31, 2019 AT 9:30 AM.
Entered:

Judge

Dated: 5-29-19

ANNE LARSON
OGLETREE
155 N. WACKER DR. SUITE 4300
CHICAGO, IL 60606
Email: anne.larson@ogletree.com

2019    15
A.79

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI on behalf of )
himself and all other persons similarly situated, )
known and unknown, )
                                 )
        Plaintiff, )
                                 )
        v. )
                                 )
TOP GOLF USA, INC and TOP GOLF USA )
SALT CREEK, LLC, )
                                 )
        Defendants. )

Case No. 2019-L-000263

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
DuPage County
TRAN# 170431232380/( 4531767 )
2019L000263
FILEDATE : 05/23/2019
Date Submitted : 05/23/2019 12:46 PM
Date Accepted : 05/23/2019 02:22 PM
BURGAN,KATE

### <u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>

NOW COMES the Plaintiff Thomas Burlinski ("Plaintiff"), by and through his Counsel, and for his Motion for Leave to Amend Complaint, states as follows:

1.    Plaintiff seeks leave to file the Amended Complaint that is attached hereto. The Amended Complaint adds additional claims, flushes out the allegations in the original Complaint, and otherwise clarifies the Complaint. No discovery has yet been conducted in the case and this case was only filed a few months ago so no party will be prejudiced by allowing the Amended Complaint.

2.    735 ILCS 5/2-616(a) and (c) state:

a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim.

(c) A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just.

3.    "As a general rule, leave to amend is freely granted." *Sheffler v Comm.*

*Edison Co.*, 399 Ill. App. 3d 51, 59 (1st Dist. 2010). In light of the liberal policy encouraging leave to amend, the failure to allow an amendment can result in a reversible error. *See, Loyola Acad. v. S & S Roof Maint., Inc.*, 146 Ill. 2d 263, 276, 586 N.E.2d 1211, 1217 (1992)("trial court abused its discretion when it denied plaintiff's motion for leave to file an amended" pleading); *Suburban Auto Rebuilders, Inc. v. Associated Tile Dealers Warehouse, Inc.*, 388 Ill. App. 3d 81, 96, 902 N.E.2d 1178, 1192 (1st Dist. 2009)("Thus, we find that the trial court abused its discretion when it denied plaintiff's motion for leave to file an amended complaint.").

4.      "Any doubt as to whether pleadings should be amended should be resolved in favor of an amendment." *Am. Nat. Bank & Tr. Co. of Chicago v. Dozoryst*, 256 Ill. App. 3d 674, 678–79, 628 N.E.2d 1072, 1075–76 (1st Dist. 1993)(reversing for not allowing amendment at trial); *Deming v. Montgomery*, 180 Ill. App. 3d 527, 532, 536 N.E.2d 150, 153 (5th Dist. 1989)(reversing trial court's denial of rquest to amend at trial to add a new theory of recovery).

5.      In *Loyola Acad. v. S & S Roof Maint., Inc.*, 146 Ill. 2d 263, 276, 586 N.E.2d 1211, 1217 (1992), the Supreme Court found that the trial court abused its discretion in not allowing an amendment that was requested two months after an order granting summary judgment and when the opposing party was allowed to amend. The Court noted that:

> "we find that the denial of the motion to amend was prejudicial error as a result of a manifest abuse of discretion. To hold otherwise would mean a construction of section 2–616 leading to an absurd, inconvenient and unjust consequence. More importantly, we find that the amendment was material, and its materiality is apparent."

6.      In *Siebert v. Cont'l Oil Co., Inc.*, 161 Ill. App. 3d 891, 895–96, 515 N.E.2d 728, 731 (1st Dist. 1987), the Court was reversed for not allowing an amendment after summary judgment. There, the plaintiff initially alleged a theory of negligence under a design theory. However, the amendment sought to add a new negligence theory as an owner and operator. The

Court reversed the trial court's decision and found that the denial of the motion for leave to amend was improper.

Wherefore, Plaintiff requests that he be granted leave to file the attached Amended Complaint *instanter*.

Respectfully submitted,

Dated: May 23, 2019

/s/ David Fish
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C. (ID: 42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
DuPage #218726

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

Thomas Burlinski, et al

Plaintiff,

v.

Top Golf USA, Inc., et al.

Defendant,

2019 L 000263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME: Ex 1 - First Amended Class Action Complaint**

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Plaintiff's Motion for Leave to Amend Complaint**

**Document File Date:  May 23, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF: Thomas Burlinski**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:  **The Fish Law Firm, P.C.**  ☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for: **Plaintiffs**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.83

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| THOMAS BURLINSKI on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. 2019-L-000263 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| TOP GOLF USA, INC and TOP GOLF USA SALT CREEK, LLC, | ) ) ) | |
| Defendants. | ) ) | |

### FIRST AMENDED CLASS ACTION COMPLAINT

Thomas Burlinski ("Plaintiff") files this First Amended Class Action Complaint against Top Golf USA, Inc. ("Top Golf USA") and Top Golf USA Salt Creek, LLC ("Top Golf Salt Creek") (Top Golf USA and Top Golf Salt Creek, collectively, "Defendants") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.  Top Golf USA operates "Topgolf" driving range and bar facilities through the United States, including locations in Wood Dale and Naperville, Illinois.

2.  Plaintiff was an hourly-paid bartender at Defendants' Topgolf driving range and bar in Wood Dale, Illinois from approximately April 2017 to July 2017.

3.  Throughout his employment, Defendants required him and other hourly paid employees to use a biometric time clock system to record their time worked.

4.  Defendants required Plaintiff and other hourly employees to scan their fingerprints in Defendants' biometric time clock when they started working a shift, stopped for a break, returned from a break, and finished working a shift.

5.     Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

6.     By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

7.     Thus, there's no question that Defendants benefited from using a biometric time clock.

8.     But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

9.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.     As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.     Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.     As a result, Defendants violated Plaintiff's statutory rights under the Biometric Information Privacy Act and the statutory rights of others similarly situated.[1]

_____

[1]     Plaintiff does not allege that he and others similarly situated suffered *physical* or *psychological* injuries during their employment as a result of Defendant's violations of the Biometric Information Privacy Act.

2

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this First Amended Class Action Complaint in Illinois.

14. DuPage County is an appropriate venue for this litigation because Defendants do business in DuPage County and thus are residents of DuPage County.

## THE PARTIES

15. Plaintiff is an individual who lives in Cook County, Illinois.

16. Top Golf USA is a Delaware corporation. *See* Exhibit A.

17. Top Golf Salt Creek is an Illinois limited liability company. *See* Exhibit B.

18. Top Golf Salt Creek is a company established to operate Defendants' driving range and bar in Wood Dale, Illinois.

19. Top Golf USA manages or controls Top Golf Salt Creek as well as other corporations or limited liability companies, including Topgolf USA Naperville, LLC, to operate driving range and bar facilities in Illinois.

20. Top Golf USA is the employer's name on the IRS form W-2 Defendants provided to Plaintiff.

21. Top Golf Salt Creek is the employer's name on the Earnings Statements Defendants provided to Plaintiff.

22. Top Golf USA and Top Golf Salt Creek are jointly responsible for the violations of the Biometric Information Privacy Act alleged in this First Amended Class Action Complaint because both entities are involved in collecting, storing, and disseminating employees' fingerprints

3

and information based on employee's fingerprints without following the requirements of the law.

## REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT

23. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

24. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

25. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

26. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

27. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining

an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

28.    When Plaintiff scanned his fingerprint in Defendants' biometric time clock, Defendants captured, collected, and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

29.    When Plaintiff scanned his fingerprint in Defendants' biometric time clock, his fingerprint – or a representation of his fingerprint – was disseminated and disclosed to Defendants' time-keeping vendor.

30.    Defendants never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of his fingerprint or information derived from his fingerprint.

31.    Defendants never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using his fingerprint, or information derived from his fingerprint.

**CLASS ACTION ALLEGATIONS**

32.    Plaintiff seeks to represent a class of employees who worked at a Topgolf location in Illinois and who scanned their fingerprints in a biometric time clock system ("the Class").

33.    Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in a biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

34.     The Class includes more than 40 members.

35.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected, stored, or disseminated the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

37.     These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

38.     Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

40.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

41.     The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendants provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

42.     Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

43.   Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of Section 15(a) of the Biometric Information Privacy Act**
**Failure to Implement and Adhere to a Publicly Available Retention/Destruction Policy**
**(Class Action)**

44.   Plaintiff realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

45.   Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46.   Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47.   Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

48.   Defendants violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating and adhering to a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

49.   Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.   Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.   Enjoining Defendants from committing further violations of the Biometric

Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and

prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided

by 740 ILCS 14/20(4).

**COUNT II**
**Violation of Section 15(b) of the Biometric Information Privacy Act**
**Collection of Biometric Identifiers and Information Without Required**
**Disclosures and Written Release**
**(Class Action)**

50.     Plaintiff realleges and incorporates the previous allegations of this First Amended

Class Action Complaint.

51.     Defendants are each a "private entity" under the Biometric Information Privacy

Act. 740 ILCS 14/10.

52.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as

defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

53.     Defendants have "biometric information" from Plaintiff and the Class through their

acquisition and retention of information based on Plaintiff's and the Class's "biometric

identifier[s]," as defined in the previous paragraph.

54.     Defendants violated the Biometric Information Privacy Act by capturing or

collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints

without first informing them in writing that Defendants were doing so.

55.     Defendants violated the Biometric Information Privacy Act by capturing or

collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints

without first informing them in writing of the purpose of Defendants doing so and the length of

time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

56.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

57.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT III**
**Violation of Section 15(d) of the Biometric Information Privacy Act**
**Disclosure of Biometric Identifiers and Information Without Obtaining Consent**
**(Class Action)**

58.     Plaintiff realleges and incorporates the previous allegations of this First Amended Class Action Complaint.

59.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

60.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

61.     Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

62.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

63.     Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each negligent or reckless violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated:  May 23, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C. (ID: 42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
DuPage #218726

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**STATE OF ILLINOIS**　　　　　　**UNITED STATES OF AMERICA**　　　**COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME: Ex A - Top Golf USA**

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**First Amended Class Action Complaint**

**Document File Date: May 23, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF: Thomas Burlinski, individually and on behalf of others similarly situated**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name: **The Fish Law Firm, P.C.**　　　☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for: **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.95



## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **File Number** | 71534405 | | |
| **Entity Name** | TOP GOLF USA, INC. | | |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | FOREIGN BCA |
| **Qualification Date (Foreign)** | 01/17/2018 | **State** | DELAWARE |
| **Agent Name** | C T CORPORATION SYSTEM | **Agent Change Date** | 01/17/2018 |
| **Agent Street Address** | 208 SO LASALLE ST, SUITE 814 | **President Name & Address** | ERIK ANDERSON 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX 7523 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | ELDRIDGE BURNS 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX |
| **Agent Zip** | 60604 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 12/20/2018 | **For Year** | 2019 |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**STATE OF ILLINOIS**
**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

2019 L 263

Case Number

File Stamp Here

# EXHIBIT COVER SHEET
Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Ex B - Top Golf Salt Creek

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**First Amended Class Action Complaint**

**Document File Date:** **May 23, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situate**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name: **The Fish Law Firm, P.C.**  ☐ Pro Se

DuPage Attorney Number: **218726**

Attorney for: **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©
WHEATON, ILLINOIS 60187-0707

A.97



## LLC FILE DETAIL REPORT

| File Number | 02074885 | | |
|---|---|---|---|
| Entity Name | TOP GOLF USA SALT CREEK, LLC | | |
| Status | ACTIVE | On | 11/02/2018 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 01/16/2007 | Jurisdiction | IL |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 04/28/2014 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | Principal Office | 8750 N CENTRAL EXPY, STE 1200 DALLAS, TX 75231 |
| Agent City | CHICAGO | Managers | View |
| Agent Zip | 60604 | Duration | PERPETUAL |
| Annual Report Filing Date | 11/02/2018 | For Year | 2019 |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing
**(One Certificate per Transaction)**

## OTHER SERVICES

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

1/2

A.98

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| THOMAS BURLINSKI on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2019L000263 |
| TOP GOLF USA, INC and TOP GOLF USA SALT CREEK, LLC, | ) ) ) | |
| Defendants. | ) ) | |

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRAN# : 170431230135/( 4529518 )
2019L000263
FILEDATE : 05/20/2019
Date Submitted : 05/20/2019 06:35 PM
Date Accepted : 05/21/2019 02:25 PM
EBELING,THOMAS

### DEFENDANTS' UNOPPOSED L.R. 6.05(d) MOTION FOR LEAVE TO FILE THEIR SECTION 2-619 MOTION TO DISMISS IN EXCESS OF 10 PAGES *INSTANTER*

Defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC (collectively, "defendants") move for leave to file their Section 2-619 Motion to Dismiss in excess of 10 Pages *Instanter*. In support thereof, defendants respectfully state as follows:

1.      Defendants' responsive pleading is due on May 20, 2019.

2.      Defendants are moving to dismiss the Complaint with prejudice because plaintiff's Biometric Information Privacy Act claim is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act, 820 ILCS 305/5(a) and 11, and time-barred by the relevant statute of limitations, 735 ILCS 5/13-201 and 5/13-202.

3.      Local Rule 6.05(d) requires defendants to seek the Court's approval to file a Motion to Dismiss in excess of 10 pages. Here, defendants' Section 2-619 Motion to Dismiss is substantively 16½ pages, so it will exceed the 10-page limit by 6½ pages, due to the complexity of the issues and the extensive 58-paragraph Complaint. A copy of defendants' motion to dismiss is attached hereto as Exhibit A.

4.   Plaintiff has confirmed in writing that he does not object to or oppose the relief sought

in this motion.

**WHEREFORE**, defendants respectfully request that the Court grant their Unopposed

Motion for Leave to File their Section 2-619 Motion to Dismiss in Excess of 10 Pages *Instanter*.

DATED:   May 20, 2019                                    Respectfully submitted,


                                                         By:    */s/* Anne E. Larson
                                                                One of the Attorneys for Defendants

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH, SMOAK &**
     **STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*anne.larson@ogletree.com*
Firm No. 7825

2

A.101

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 20, 2019, the foregoing ***Defendants' Unopposed Motion for Leave to File Their Section 2-619 Motion to Dismiss in Excess of 10 Pages Instanter*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Douglas M. Werman
Zachary C. Flowerree
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
*dwerman@flsalaw.com*
*zflowerree@flsalaw.com*

David Fish
Seth Matus
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
*dfish@fishlawfirm.com*
*smatus@fishlawfirm.com*
*khilton@fishlawfirm.com*
*kunze@fishlawfirm.com*

***Attorneys for Plaintiff***

   /s/ Anne E. Larson
One of the Attorneys for Defendants

38589595.1

A.102

# EXHIBIT A

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | |
|---|---|
| THOMAS BURLINSKI on behalf of himself and all other persons similarly situated, known and unknown,<br><br>　　　Plaintiff,<br><br>v.<br><br>TOP GOLF USA, INC. and TOP GOLF USA SALT CREEK, LLC,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　No.　2019L000263<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' SECTION 2-619 MOTION TO DISMISS

Anne E. Larson (ARDC No. 6200481)
OGLETREE, DEAKINS, NASH,
　SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:　312.558.1220
Facsimile:　312.807.3619
*anne.larson@ogletree.com*
Firm No. 7285

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................1

FACTUAL BACKGROUND ....................................................................2

ARGUMENT ........................................................................................4

    A.    Legal Standard ........................................................................4

    B.    The Complaint is Time-Barred by the One-Year Statute of Limitations for Privacy Claims ...................................................4

        1.    The Complaint Pleads a Privacy Claim Subject to a One-Year Statute of Limitations. ...............................................5

        2.    In the Alternative, the Complaint Pleads a Statutory Penalty Claim Subject to a Two-Year Statute of Limitations. ...............6

        3.    Alternatively, the Complaint Pleads a Personal Injury Claim Subject to a Two-Year Statute of Limitations. ..........................8

        4.    Plaintiff's BIPA Claim Accrued When Defendants Failed to Comply With BIPA's Policy, Notice and Consent Requirements Prior to the Initial Collection of His Fingerprint. ...................9

    C.    The Complaint's BIPA Claim is Barred by the IWCA's Exclusive Remedy Provision ..........................................................11

        1.    The Complaint Alleges an "Accidental Injury" Subject to the IWCA's Exclusive Remedy Provisions. ..................................13

        2.    The Complaint Pleads Facts to Show That the Injury "Arises Out of" Plaintiff's Employment – *i.e.*, There is a Causal Connection Between His Employment and Injury. ..................14

        3.    The Complaint Pleads Facts to Show that the Injury Occurred "In the Course of" Plaintiff's Employment. ...........................15

        4.    The Injury is Compensable under the IWCA. .........................15

CONCLUSION ....................................................................................17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barlow v. United States,*
    32 U.S. 404 (1833)................................................................10

*Blair v. Nevada Landing P'ship,*
    369 Ill.App.3d 318 (2d Dist. 2006)..................................6, 11

*Caterpillar Tractor Co. v. Indus. Com,*
    129 Ill.2d 52 (1989)......................................................14, 15

*Clay v. Kuhl,*
    189 Ill.2d 603 (2000) ........................................................4

*Folta v. Ferro Eng'g,*
    2015 IL 118070.......................................................4, 12, 16

*Garland v. Morgan Stanley & Co., Inc.,*
    2013 IL App (1st) 112121................................................13

*Hernon v. E.W. Corrigan Constr. Co.,*
    149 Ill.2d 190 (1992) ........................................................4

*Knox College v. Celotex Corp.,*
    88 Ill.2d 407 (1981) .....................................................9, 11

*Landis v. Marc Realty, L.L.C.,*
    235 Ill.3d 1, 13-14 (2009)................................................7

*LeGout v. LeVieux,*
    338 Ill. 46 (1929) ..........................................................10

*Livingston v. Meyers,*
    6 Ill.2d 325 (1955) ........................................................10

*Mayfield v. ACME Barrel Co.,*
    258 Ill.App.3d. 32 (1994) ..............................................13

*Meerbrey v. Marshall Field & Co., Inc.,*
    139 Ill.2d 455 (1990) ................................................11, 12

*Mitchell v. White Motor Co.,*
    58 Ill.2d 159 (1974) ..........................................................8

A.106

*Namur v. Habitat Co.,*
  294 Ill.App.3d 1007 (1st Dist. 1998) ................................................................7

*Nolan v. Johns-Manville Asbestos,*
  85 Ill.2d 161 (1981) ...........................................................................................9

*Rivera v. Google Inc.,*
  238 F.Supp.3d 1088 (N.D. Ill. 2017) .................................................................7

*Rosenbach v. Six Flags Entertainment Corp.,*
  2019 IL 123186 .......................................................................................... *passim*

*Senesac v. Employer's Voc. Res.,*
  324 Ill.App.3d 380 (1st Dist. 2001) ............................................................13, 14

*Unger v. Continental Assurance Co.,*
  107 Ill.2d 79 (1985) .........................................................................................16

*Upton v. Tribilcock,*
  91 U.S. 45 (1875) .............................................................................................10

*Wells v. I F R Eng'g Co.,*
  247 Ill.App.3d 43 (1st Dist. 1993) ..................................................................13

*Witherell v. Weimer,*
  85 Ill.2d 146 (1981) ...........................................................................................9

**Statutes**

735 ILCS 5/2-619 .................................................................................... *passim*

735 ILCS 5/2-619(a)(5) .........................................................................................1, 4

735 ILCS 5/2-619(a)(9) .........................................................................................1, 4

735 ILCS 5/13 ...........................................................................................................5

735 ILCS 5/13-201 .................................................................................... *passim*

735 ILCS 5/13-202 ...........................................................................................6, 7, 8, 9

740 ILCS 14/1 *et seq* ................................................................................ *passim*

740 ILCS 14/10 .........................................................................................................3

740 ILCS 14/15 .........................................................................................3, 5, 10, 15

740 ILCS 14/15(a) .....................................................................................................5

740 ILCS 14/15(b) ...................................................................................3, 5

740 ILCS 14/15(d) ...................................................................................3, 5

740 ILCS 14/15(d)(1) ...................................................................................3

740 ILCS 14/20(1) ...................................................................................4, 7, 8

740 ILCS 14/20(2) ...................................................................................4, 7, 8

765 ILCS 1075/10 ...................................................................................6

765 ILCS 1075/30 ...................................................................................6

820 ILCS 305/5(a) ...................................................................................1, 12, 15, 16

820 ILCS 305/11 ...................................................................................1, 12, 15, 16

Publicity Act ...................................................................................6

## INTRODUCTION

This is a single-count putative class action under the Biometric Information Privacy Act ("BIPA"). *See* 740 ILCS 14/1 *et seq.* Defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC (collectively, "defendants") move to dismiss the Class Action Complaint ("Complaint") with prejudice pursuant to Section 2-619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-619(a)(5) and (a)(9).

The BIPA claim is time-barred because plaintiff Thomas Burlinski ("plaintiff" or "Burlinski") did not file his lawsuit within one year after his cause of action accrued under the one-year statute of limitations applicable to privacy claims. *See* 735 ILCS 5/13-201. In fact, plaintiff's BIPA action accrued in April 2017, and plaintiff waited almost two years to file his Complaint on March 4, 2019. Because the BIPA claim is untimely, it must be dismissed with prejudice pursuant to Section 2-619.

Even if the court finds the BIPA claim timely (which it is not), it is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA" or "Act"). *See* 820 ILCS 305/5(a) and 11. The IWCA was established as a "grand bargain" between employers and employees that makes workers' compensation the "exclusive remedy" for "accidental" workplace injuries that "arise out of and in the course of the employment." In return, the Act prohibits an employee from filing a civil lawsuit seeking damages against the employer for a work-related injury.

The exclusive remedy provisions are not limited to an employee's common law claims. They expressly apply to any "statutory right to recover damages" such as BIPA. *See* 820 ILCS 305/5(a). Here, the exclusive remedy test – an "accidental injury that arises out of and in the course of the employment" – is met based on the Complaint's allegations and supporting case law. The injury is "accidental" because the Complaint alleges that defendants' BIPA violations were "negligent" or

"reckless." Illinois case law equates negligent or reckless conduct with "accidental injuries" compensable under the Act. (Compl. ¶¶11, 30-2, 52-56.)

The "arising out of" and "in the course of employment" elements are satisfied because the Complaint alleges that the statutory violations which produced plaintiff's injuries are causally connected to duties plaintiff was required to perform and occurred in the workplace, during working hours. (*Id.* ¶¶3-4, 28-19.) The Complaint further alleges that plaintiff "has experienced injury in the form of mental anguish." (*Id.* ¶¶34-35.) The Illinois Supreme Court has held that emotional distress and mental anguish injuries are plainly compensable under the IWCA. Thus, the Complaint's BIPA claim is preempted by the IWCA and must be dismissed with prejudice pursuant to Section 2-619.

## FACTUAL BACKGROUND

On March 4, 2019, plaintiff, a former employee of defendants, filed this putative BIPA class action. The Complaint alleges that plaintiff used defendants' biometric time tracking system "throughout his employment" "from approximately April 2017 to July 2017" "to record [his] time worked." (Compl. ¶¶2-3.) Defendants allegedly "captured, collected, and stored [p]laintiff's fingerprint, or a representation derived from [it]" to enroll him in their biometric timekeeping system and, at the same time, "disseminated and disclosed [his fingerprint or fingerprint representation] to [d]efendants' time-keeping vendor" "without his consent."(*Id.* ¶¶28-29, 32.)

The Complaint further alleges that "[d]efendants required [p]laintiff ... to scan [his] fingerprint[] in [d]efendants' biometric time clock when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (*Id.* ¶4.) In short, the Complaint alleges that plaintiff's collected fingerprint was used to communicate and authenticate his presence in the facility and time worked. (*Id.* ¶¶3-4, 6.)

2

Section 15(b) requires private entities to comply with BIPA's notice and consent requirements *before* they collect an individual's biometric identifier[1] or biometric information:[2]

> (b)    No private entity may collect, capture, purchase, receive through trade or otherwise obtain a person's or a customer's biometric identifier or biometric information, *unless it first*:
>
>> (1)    informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;
>>
>> (2)    informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>>
>> (3)    receives a written release executed by the subject of the biometric identifier or biometric information....

740 ILCS 14/15(b); *see also* Compl. ¶¶24-27.

Section 15(d) prohibits a "private entity in possession of a biometric identifier or biometric information" from "disclos[ing], redisclos[ing], or otherwise disseminat[ing] [it] unless (1) the subject ... consents to the disclosure or redisclosure." 740 ILCS 14/15(d)(1).

The Complaint alleges that defendants "negligently" or "recklessly" violated BIPA, which injured plaintiff's "privacy" rights and caused plaintiff "emotional distress." (Compl. ¶¶12, 32, 34, 58.) The Complaint does not allege that defendants acted with specific intent to injure plaintiff. Instead, it alleges that defendants violated Section 15 of BIPA by:

> 52.    ... capturing or collecting Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without first informing [him] in writing ....
>
> 53.    ... capturing or collecting Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without first informing [him] in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's ... biometric identifier[] and/or biometric information.

---

[1] "Biometric identifiers" are defined to include a "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *See* 740 ILCS 14/10.

[2] "Biometric information" means "any information ... based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *See* 740 ILCS 14/10.

54.    ... capturing or collecting Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without first obtaining [his] written consent or other release authorizing Defendants to capture or collect Plaintiff's biometric identifier[] and/or biometric information.

55.    ... possessing Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

56.    ... disclosing or otherwise disseminating Plaintiff's ... fingerprint[] and information based on [his] fingerprint[] to Defendant's time-keeping vendor without first obtaining [his] consent for that disclosure or dissemination.

(*Id.* ¶¶52-56.) Plaintiff seeks no actual damages but statutory damages "for each violation of [BIPA], pursuant to 740 ILCS 14/20(1)-(2)." (*Id.* Prayer for Relief (A).)

## ARGUMENT

**A.    Legal Standard**

A Section 2-619 motion to dismiss admits the legal sufficiency of a claim, accepts well-pled allegations as true but asserts a defense that nevertheless defeats the claim. 735 ILCS 5/2-619. It enables the court to dismiss a complaint after considering issues of law or easily proved issues of fact. Section 2-619(a)(5) allows for dismissal where the "action was not commenced within the time limited by law," while 2-619(a)(9) allows for a dismissal where the claim is "barred by other affirmative matter" that avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(5), (9). *See Folta v. Ferro Eng'g*, 2015 IL 118070, ¶¶4, 52 (affirming circuit court's Section 2-619(a)(9) dismissal of claims as barred by the IWCA's exclusive remedy provisions); *Clay v. Kuhl*, 189 Ill.2d 603, 606 (2000) (affirming circuit court's Section 2-619(a)(5) dismissal of action as barred by the applicable statute of limitations).

**B.    The Complaint is Time-Barred by the One-Year Statute of Limitations for Privacy Claims.**

The General Assembly did not include a statute of limitations when it enacted BIPA. In such instances, courts look to existing Illinois statutes of limitations and apply the most specific one. *See Hernon v. E.W. Corrigan Constr. Co.*, 149 Ill.2d 190 (1992), citing *Calumet Country Club v. Roberts*

4

*Environmental Corp.*, 136 Ill.App.3d 610, 612 (2d Dist. 1985) (where two statutes of limitations arguably apply to the same action, the "specific" statute of limitations trumps or "takes precedence over the general limitations period of section 13-205").

Here, the most specific, applicable statute of limitations is the one-year period for privacy claims, 735 ILCS 5/13-201. BIPA's public policy concerns in preventing or promptly remediating violations before biometric information "can be compromised" is best served by applying a short statute of limitations. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶36. The sooner companies are put on notice of any alleged BIPA violation, the sooner they can investigate and take steps, if necessary, to better protect biometric data.

**1.   The Complaint Pleads a Privacy Claim Subject to a One-Year Statute of Limitations.**

Privacy claims are governed by the one-year statute of limitations in 735 ILCS 5/13:

> Defamation – Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.

Here, the Complaint alleges defendants violated plaintiff's and the putative class' "privacy" rights in their biometric identifiers and information." (Compl. ¶12.) The Complaint plainly alleges Section 15(a)-(b) policy, notice and consent violations and a Section 15(d) "unauthorized disclosure/dissemination" or publication to a third party. (*Id.* ¶¶29, 32.) Accordingly, it meets the plain language of Section 13-201 which applies to a "publication of matter violating the right of privacy."

Plaintiff alleges that defendants violated his "privacy rights" by collecting his fingerprint *without first* complying with Section 15's policy, notice and written consent requirements and by disclosing or disseminating his fingerprint to a third-party vendor without his consent. (Compl. ¶¶28-29, 32, 52-56.) That is plainly a "publication of matter violating the right of privacy."

5

The application of Section 13-201's one-year statute of limitations to analogous privacy statutes with comparable language and protections provides further support for its application to BIPA. BIPA's purpose is to give individuals the right to control whether a private entity can capture, use, store or disclose their biometric information by requiring their prior consent. The Illinois Right of Publicity Act serves a nearly identical purpose – it gives individuals the "right to control and choose whether and how" their "identity" is used "for commercial purposes." 765 ILCS 1075/10. This privacy right is violated when a defendant makes "use of an individual's identity for commercial purposes ... without having obtained previous written consent." 765 ILCS 1075/30. Courts have held that the Right of Publicity Act's statute of limitations is Section 13-201's one-year limitations period. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 324 (2d Dist. 2006) (applying Section 5/13-201's one-year statute of limitations and the "general rule whereby a cause of action accrues at the time a party's interest is invaded").

Here, the Complaint alleges that defendants used plaintiff's biometric information without his consent for a commercial purpose, *i.e.*, the operation of its business, and disclosed and disseminated it without authorization to its third-party vendor. Thus, when applying the Complaint's language, along with BIPA's language and purpose, the court should find that this action for violation of plaintiff's privacy rights is subject to the same one-year limitations period as an action under the Right of Publicity Act. The language and purpose of the two statutes is functionally the same.

### 2. In the Alternative, the Complaint Pleads a Statutory Penalty Claim Subject to a Two-Year Statute of Limitations.

If the Complaint is not construed to plead a privacy violation subject to Section 13-201, then the alternative is to treat it as a statutory penalty claim. In Illinois, claims for statutory penalties and personal injuries are governed by a two-year statute of limitations, 735 ILCS 5/13-202:

> Personal injury – Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, . . . shall be commenced within 2 years next after the cause of action accrued.

6

In *Landis v. Marc Realty, L.L.C.*, 235 Ill.3d 1, 13-14 (2009), the Illinois Supreme Court explained the difference between statutory penalty and remedial statutes. A "statute is remedial where it 'imposes liability only when actual damage results from a violation' and where 'liability is contingent upon damage being proven by the plaintiff.'" *Id.* at 13. By contrast, a statute is penal when it imposes automatic liability for a violation of its terms, sets forth a predetermined amount of damages and imposes liability regardless of plaintiff's actual damages. *Id.* Thus, a claim seeking predetermined statutory damages is a "statutory penalty" subject to Section 13-202 where, as here, the statutory "relief available . . . is not dependent on plaintiffs' actual damages." *Id.* at 14.

Statutes can be both penal and remedial. *See Namur v. Habitat Co.*, 294 Ill.App.3d 1007, 1010-11 (1st Dist. 1998) (ordinance was both penal and remedial but "action is one for a 'penalty' within the meaning of section 13-202" because plaintiffs sought to recover only under the ordinance's fixed or formulaic damages). A statutory penalty claim is alleged when the statute imposes automatic liability for a violation of its terms, the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff. *Namur*, 294 Ill.App.3d at 1010-11.

Here, both elements are met. There is "automatic liability for a violation of [BIPA's] terms" because the Complaint pleads defendants "negligently" or "recklessly" violated BIPA. (Compl. ¶58.) "Automatic liability for a violation of its terms" does not mean strict liability (*i.e.*, liability without fault), but liability resulting from a negligent or reckless violation. *Rivera v. Google Inc.*, 238 F.Supp.3d 1088, 1104 (N.D. Ill. 2017) (BIPA "only subjects violators to statutory damages if there is negligence … recklessness, or intent to violate the Act" citing to 740 ILCS 14/20(1)-(2)).

The second element is also met because the amount of liability is "predetermined by the act and imposed without actual damages suffered by the plaintiff." In *Rosenbach*, the Illinois Supreme Court held that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act" to seek statutory damages under BIPA. 2019 IL 123186, ¶40. The

7

Complaint does not plead or seek "actual damages" but only predetermined statutory damages under "740 ILCS 14/20(1)-(2)." (Compl. Prayer for Relief (A).) *Rosenbach* further explained that the General Assembly's intent was to "subject[] private entities who fail to follow the statute's requirements to substantial potential liability" for "preventative and deterrent purposes." *Id.* ¶¶36-37. That is the essence of a statutory penalty.

Thus, the two-year statute of limitations for statutory penalties should apply (if the one-year limitations period does not) and the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

> **3.   Alternatively, the Complaint Pleads a Personal Injury Claim Subject to a Two-Year Statute of Limitations.**

The Complaint also can be construed to allege a personal injury claim based on negligent or reckless conduct. It alleges that defendants owed statutory duties to plaintiff and negligently or recklessly violated (or breached) its statutory duties as set forth in Paragraphs 52-56. (*See* Factual Background, p. 4.)

The Complaint further alleges that defendants' negligent or reckless conduct "caused" plaintiff's "emotional distress." (*Id.* ¶¶34-35.) *See Mitchell v. White Motor Co.*, 58 Ill.2d 159, 163 (1974) (the two-year statute of limitations for personal injury claims applies to both allegations of "direct physical or mental injury").

Because the Complaint can also be construed to allege a personal injury claim against defendants for purportedly breaching their duty to collect, store and use plaintiff's biometric data in compliance with BIPA, Section 13-202's two-year limitations period for personal injury claims can be applied in the alternative, if the Complaint is not construed to plead a privacy violation subject to Section 13-201 or a statutory penalty subject to Section 13-202. Thus, the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

4. **Plaintiff's BIPA Claim Accrued When Defendants Failed to Comply With BIPA's Policy, Notice and Consent Requirements Prior to the Initial Collection of His Fingerprint.**

Privacy, statutory penalty and negligence actions are subject to the same "accrual" provision. Under Section 13-201, "[a]ctions for damages . . . shall be commenced within one year *next after the cause of action accrued.*" Section 13-202 requires that actions "be commenced within 2 years *next after the cause of action accrued.*" 735 ILCS 5/13-201 and 202 (emphasis added.)

The Illinois Supreme Court has held that an action "accrues" "when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Witherell v. Weimer*, 85 Ill.2d 146, 156 (1981). This standard, however, does not mean the running of the limitations clock is postponed until plaintiff first obtains actual knowledge of defendant's statutory violation, negligent conduct or that the conduct is actionable. *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 170-71 (1981) ("[I]f knowledge of negligent conduct were the standard [for when a claim accrues], a party could wait to bring an action far beyond a reasonable time when sufficient notice has been received of a possible invasion of one's legally protected interest").

Nor does the term "wrongfully caused" mean actual knowledge that an actionable wrong was committed. *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 416 (1981). Rather, "wrongfully caused" means "becoming possessed of sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct was involved." *Id.* At that point, "the burden is upon the injured person to inquire further as to the existence of a cause of action." *Witherell*, 85 Ill.2d at 156.

Here, the Complaint alleges that defendants initially "captured, collected, and stored [p]laintiffs' fingerprint" to enroll him in their biometric timekeeping system and, at the same time, "disseminated and disclosed [his fingerprint] to [d]efendants' time-keeping vendor without his consent." (Compl. ¶¶28-29, 32.) BIPA was passed in 2008. The bedrock foundation of our legal

9

system is that all persons, including plaintiff, are "presumed to know the law." *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("The law is presumed to be equally within the knowledge of all parties"); *Livingston v. Meyers*, 6 Ill.2d 325, 334 (1955) (in construing and applying a statute, "[i]t must be presumed that people will know the law and abide by its requirements to protect their property interests").

Thus, plaintiff was on notice of the potential right of action BIPA gave him upon the statute's enactment. Plaintiff cannot excuse his failure to timely file within the one-year statute of limitation on any lack of knowledge of BIPA. *See, e.g.*, *Barlow v. United States*, 32 U.S. 404, 411 (1833) ("The whole course of the jurisprudence, criminal as well as civil, of the common law, points to a … common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"); *LeGout v. LeVieux*, 338 Ill. 46, 51 (1929) (dismissing counter-claim as untimely where appellant admitted he had full knowledge of the facts but his "only excuse" was "ignorance of the law;" "Ignorantia legis neminem excusat is an old maxim, which is applied in this state as to ignorance of the laws of this state…. It would be impossible to administer the law if ignorance of its provisions were a defense thereto or could be used as an excuse for non-compliance").

Under the plain language of BIPA, the violation occurs when a private entity initially "collects" an individual's biometric identifier or information "unless it first" complies with Section 15's policy, notice and consent requirements. 740 ILCS 14/15. The allegations in the Complaint are plain – that defendants violated BIPA by initially collecting plaintiff's fingerprint *without first* complying with Section 15's policy, notice and consent requirements when it enrolled him in its electronic timekeeping system. (Compl. ¶¶11, 28-32, 52-56.) The Complaint further alleges that this "collection" and the "unauthorized disclosure or dissemination" to defendants' biometric vendor were simultaneous. At the same time defendants initially "collected" plaintiff's fingerprint, they allegedly "disclosed or disseminated" it "without his consent" to their third-party biometric vendor. (*Id.* ¶¶29, 32.)

A "cause of action accrues at the time a party's interest is invaded." *See Blair*, 369 Ill.App.3d at 324 (applying Section 5/13-201's one-year statute of limitations and the "general rule whereby a cause of action accrues at the time a party's interest is invaded"). Applying the Illinois Supreme Court's accrual standard, the Complaint demonstrates that plaintiff had the same knowledge when he was hired and had his fingerprint collected, as he does now – he allegedly received no policy, disclosures or written consent from Wendy's prior to his use of the biometric equipment. Thus, plaintiff either knew or should have known of the injury to his privacy rights in April 2017, and that it was wrongfully caused by defendants' purported failure to comply with BIPA. *See Knox College*, 88 Ill.2d at 416.

Moreover, because the initial "collection" of his fingerprint and the "unauthorized disclosure/dissemination" or publication to the biometric vendor occurred simultaneously, the violations occurred and the claim accrued at the same time. The Complaint, however, was not filed until March 4, 2019, almost two years after plaintiff's claim "accrued" in April 2017. This lawsuit is, therefore, untimely under the one-year statute of limitations in Section 13-201 and must be dismissed with prejudice under Section 2-619.

## C. The Complaint's BIPA Claim is Barred by the IWCA's Exclusive Remedy Provision.

In the alternative, the Complaint should be dismissed under Section 2-619 because the BIPA action is preempted by the IWCA's exclusive remedy provision. The IWCA is an employee's exclusive remedy for "accidental injuries that arise out of and in the course of employment" and relieves the employer of employee lawsuits seeking "large damages verdicts" such as this BIPA class action. *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 462 (1990). There, the Illinois Supreme Court explained that the IWCA is a "grand bargain" between employers and employees, which makes workers' compensation the "exclusive remedy" for workplace injuries:

> The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy

provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts."

*Id.* 462, citing 2A A. Larson, Law of Workmen's Compensation §65.11 (1988). *See also Folta*, 2015 IL 118070, ¶12 ("In exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries … arising out of and in the course of employment").

Section 5(a) of the IWCA applies the exclusive remedy provision not only to "common law" actions but also to a "statutory right to recover damages from the employer" such as BIPA. 820 ILCS 305/5(a). Section 5(a) limits employees to the compensation provided by the IWCA when they have a "common law or *statutory right to recover damages* from the employer" for "injury … sustained … while engaged in the line of his duty":

> No common law or *statutory right to recover damages* from the employer, his insurer, … or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act….

820 ILCS 305/5(a) (emphasis added).

Section 11 explicitly states that the compensation provided by the IWCA is the employer's full "measure of responsibility" for "accidental injuries sustained by any employee arising out of and in the course of the employment":

> The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer … for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act….

820 ILCS 305/11.

Collectively, Sections 5 and 11 of the IWCA bar this BIPA action unless plaintiff proves his injury: (1) was not accidental but intentionally inflicted by defendants, (2) did not arise from his employment, (3) did not occur during the course of his employment, or (4) is not compensable under the IWCA. *Meerbrey*, 139 Ill. 2d at 462-63.

The Complaint does not plead any of these exceptions to the IWCA's exclusivity rule. Instead, the Complaint's allegations show the exclusive remedy provision – "an accidental injury that arises out of and in the course of employment" – is met.

### 1. The Complaint Alleges an "Accidental Injury" Subject to the IWCA's Exclusive Remedy Provisions.

The Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury" covered by the IWCA's exclusive remedy provisions. The Complaint alleges that defendants "negligently" or "recklessly" violated BIPA and that plaintiff "experiences emotional distress." (Compl. ¶¶34-35, 52-56, 58.) Case law equates an injury resulting from negligence or recklessness with "accidental injury." *See Senesac v. Employer's Voc. Res.*, 324 Ill.App.3d 380, 392 (1st Dist. 2001) ("Plaintiffs' allegations that defendants' actions were negligent" are preempted "under the exclusivity provisions of the Act"); *see also Wells v. I F R Eng'g Co.*, 247 Ill.App.3d 43, 46 (1st Dist. 1993) (affirming dismissal of wrongful death action under the exclusive remedy rule, which applies to "accidental injuries resulting from the reckless negligence of the employer;" "[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.... For conduct to be intentional, a person must commit the act and he must also intend to produce the harm. But if a person commits an act and only realizes there is a strong probability that harm might result, his conduct is merely reckless").

To show that an injury is "not accidental," plaintiff must allege and establish that defendants "acted deliberately and with specific intent to injure" him. *Garland v. Morgan Stanley & Co., Inc.*, 2013 IL App (1st) 112121, ¶29, *citing Copass v. Illinois Power Co.*, 211 Ill.App.3d 205, 214 (4th Dist. 1991) (plaintiff "must allege that the defendant acted deliberately with specific intent to injure the employee") *and Mayfield v. ACME Barrel Co.*, 258 Ill.App.3d. 32, 35 (1994) ("only when the employer acts with specific intent to injure the employee that the resultant injury is stripped of its accidental character").

Here, the Complaint fails to plead that defendants acted with "specific intent to injure" plaintiff, which is necessary to strip the alleged injury of its accidental character. Indeed, the Complaint alleges no facts to show that defendants acted with specific intent to injure plaintiff. Rather, the Complaint alleges a "negligent" or "reckless" violation which denotes an "accidental injury," and thus, the accidental injury element is met. The first exception to the exclusivity rule – that the injury was not accidental but intentionally inflicted with specific intent to injure plaintiff – is not applicable.

2. **The Complaint Pleads Facts to Show That the Injury "Arises Out of" Plaintiff's Employment –** *i.e.,* **There is a Causal Connection Between His Employment and Injury.**

The "arising out of the employment" requirement refers to the "causal connection between the employment and the accidental injury." *Senesac,* 324 Ill.App.3d at 386. An injury "arises out of the employment" if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. *Caterpillar Tractor Co. v. Indus. Com,* 129 Ill.2d 52, 58 (1989).

The Complaint pleads the necessary causal connection between plaintiff's employment and injury. It alleges that "throughout his employment" beginning "April 2017," he was "required to use a biometric time clock to record [his] time worked" "when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (Compl. ¶¶2-4.) It further alleges that defendants failed to comply with Section 15's written notice and consent requirements before it collected plaintiff's biometric information or re-disclosed it to its biometric vendor and that this BIPA violation caused him to "experience[] emotional distress." (*Id.* ¶¶11, 30-35, 52-56, 58.)

Thus, the Complaint alleges plaintiff suffered injury from defendants' alleged failure to comply with BIPA and, thus, his alleged injury arises out of his employment with Topgolf. The second exception for injuries that did "not arise out of the employment" does not apply.

14

3. **The Complaint Pleads Facts to Show that the Injury Occurred "In the Course of" Plaintiff's Employment.**

Injuries sustained on an employer's premises and during working hours while an employee performs his work duties are deemed to arise "in the course of the employment." *Caterpillar*, 129 Ill.2d at 57. Here, the Complaint alleges that when he was hired in "April 2017," defendants allegedly "captured, collected, and stored [p]laintiff's fingerprint to enroll him in their biometric timekeeping system *without first* complying with Section 15's policy, notice and written consent requirements. (Compl. ¶¶11, 28-32, 52-56.) It further alleges he was "required to use a biometric time clock to record [his] time worked" "when [he] started working a shift, stopped for a break, returned from a break, and finished working a shift." (*Id.* ¶¶2-4.)

Thus, the injury plaintiff sustained occurred during working hours, at the location where he worked, and while performing his job duties – *i.e.*, "in the course of his employment." The third exception to the exclusivity rule – that the injury did "not arise in the course of his employment" – is inapplicable.

4. **The Injury is Compensable under the IWCA.**

The Illinois Supreme Court recently held that when BIPA is violated, plaintiff suffers a "real and significant" injury to his "right to privacy in and control over [his] biometric identifiers and biometric information":

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." This is no mere "technicality." The injury is real and significant.

*Rosenbach* at ¶¶33-34 (citation omitted). This leaves no doubt that plaintiff has suffered an alleged "injury" that mandates application of the IWCA's exclusive remedy provision.

The exclusivity provisions in Sections 5 and 11 of the IWCA apply, respectively, to an "injury … sustained by any employee while engaged in the line of his duty as such employee" and to

"accidental injuries sustained by any employee arising out of and in the course of the employment." 820 ILCS 305/5(a) and 11. Analyzing this plain statutory language, the Illinois Supreme Court has repeatedly held that an injury is "compensable under the Act" if it was "suffered in the line of duty," which means it "arose out of and in the course of employment." *See Folta*, 2015 IL 118070, ¶¶18-30, citing *Sjostrom v. Sproule*, 33 Ill.2d 40, 43 (1965) ("the 'line of duty' test is therefore construed as identical to the general test of compensability, 'arise out of and in the course of employment'") and *Unger v. Continental Assurance Co.*, 107 Ill.2d 79, 85 (1985) ("The pivotal question ... is whether the injury alleged is compensable under the Act. An injury will be found to be compensable if it "aris[es] out of and in the course of the employment."

As discussed in Sections B(2)-(3) above, plaintiff's alleged injury arose out of and in the course of his employment and, thus, is compensable under the IWCA. The Illinois Supreme Court has also held that "emotional distress," as alleged by plaintiff, is plainly compensable under the IWCA. *See Folta*, ¶¶20-23, citing *Pathfinder Co. v. Industrial Comm'n*, 62 Ill.2d 556, 563 (1976).

The Illinois Supreme Court has explained that whether an "injury is compensable" is not defined or controlled by the "ability to recover benefits for a particular injury" or "limitations on the amount and type of recovery under the Act." *Folta*, ¶¶23, 30. "[S]ince 1956, this court has held that despite limitations on the amount and type of recovery under the Act, the Act is the employee's exclusive remedy for workplace injuries." *Id.* ¶30.

The Illinois Supreme Court holdings in *Folta* and *Rosenbach* leave no doubt that plaintiff has suffered an alleged "injury ... compensable under the Act" that mandates application of the IWCA's exclusive remedy provisions. Accordingly, plaintiff's BIPA claim is preempted by the IWCA and must be dismissed with prejudice.

## CONCLUSION

For all of the above reasons, plaintiff's BIPA claim is preempted by the exclusive remedy provisions of the IWCA and should be dismissed with prejudice. His claim is also time-barred by the one-year statute of limitations applicable to privacy claims. In the alternative, the two-year statute of limitations should apply (if the one-year limitations period does not) and the claim of any putative class member that falls outside the two-year statute of limitations should be dismissed with prejudice.

Accordingly, defendants Top Golf USA, Inc. and Top Golf USA Salt Creek, LLC respectfully request that the Complaint be dismissed with prejudice pursuant to Section 2-619 of the Illinois Code of Civil Procedure and for all such further relief that this Court deems just.

17

A.125

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 20, 2019, she caused the foregoing **Defendants' Section 2-619 Motion to Dismiss** to be filed electronically with the Clerk of Court's electronic delivery system, which sent notification of such filing to:

> Douglas M. Werman
> Zachary C. Flowerree
> Werman Salas, P.C.
> 77 West Washington, Suite 1402
> Chicago, Illinois 60602
> *dwerman@flsalaw.com*
> *zflowerree@flsalaw.com*
>
> David Fish
> Seth Matus
> Kimberly Hilton
> John Kunze
> The Fish Law Firm, P.C.
> 200 East Fifth Avenue, Suite 123
> Naperville, Illinois 60563
> *dfish@fishlawfirm.com*
> *smatus@fishlawfirm.com*
> *khilton@fishlawfirm.com*
> *kunze@fishlawfirm.com*
>
> **Attorneys for Plaintiff**

/s/ Anne E. Larson
One of the Attorneys for Defendants
Top Golf USA, Inc. and Top Golf USA Salt
Creek, LLC

38212187.3

A.126

ORDER - BLANK                                                        2116 (Rev. 2/16)

**STATE OF ILLINOIS**                **UNITED STATES OF AMERICA**        **COUNTY OF DU PAGE**
                          **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

Burlinski

vs

TOP GOLF

CASE NUMBER 19 L263

**e-FILED**
APR 10, 2019 11:33 AM
Chris Kachiroubas
**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**
File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter, **IT IS HEREBY ORDERED:**

Plaintiffs motion for class certification is entered and continued.

Defendant provided an additional 30 days to respond to complaint

Strike June 3, 2019 DATE

August 20, 2019 remains set.

Name: _____Fish_____ ☐ PRO SE
DuPage Attorney Number: __218726__
Attorney for: ___π___
Address: _700 E 5th Ave #23_
City/State/Zip: _Naperville_
Telephone Number: _630 305 750_
Email: _afm@fm.confirmer_

ENTER: _____

Judge
Date: __4-10-19__

**CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707**

A.127

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

THOMAS BURLINSKI on behalf of )
himself and all other persons similarly )
situated, known and unknown, )
                                  )

     Plaintiff, )

v. )           No. 2019L000263

TOP GOLF USA, INC and TOP GOLF )
USA SALT CREEK, LLC, )
                                  )

    Defendant. )

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRAN# : 170431191068/( 4490363 )
2019L000263
FILEDATE : 03/25/2019
*Date Submitted : 03/25/2019 04:57 PM*
*Date Accepted : 03/26/2019 08:59 AM*
CERVENY,KIMBERLY

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To:   <u>Defendants c/o Ogletree</u>     Address:     <u>155 N. Wacker Drive, Suite 4300</u>

City:   <u>Chicago</u>     State:  <u>Illinois</u>     Zip:   <u>60606</u>

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within  <u>30</u>  * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within  <u>30</u>  * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within  <u>60</u>  ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on_____.

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)
Name:  Anne E. Larson / Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Address:  155 N. Wacker Drive, Suite 4300
City: Chicago              State: Illinois              Zip: 60606
Email:  anne.larson@ogletree.com

Relationship to Entity/Authority to Receive Service of Process:        Attorney
(Not applicable if your are the named Defendant or Respondent.)

Dated: March 19, 2019

/s/ Anne E. Larson
Signature

\*        (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date

on which the request is sent, or 60 days if the defendant is addressed outside the United States.
\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

37745335.1

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| THOMAS BURLINSKI on behalf of | ) | |
| himself and all other persons similarly situated, | ) | |
| known and unknown, | ) | Case No. **2019L000263** |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TOP GOLF USA, INC and TOP GOLF USA | ) | |
| SALT CREEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
**TRAN# : 170431175937/( 4475206 )**
**2019L000263**
**FILEDATE : 03/04/2019**
*Date Submitted : 03/04/2019 05:21 PM*
*Date Accepted : 03/05/2019 09:08 AM*
**GEIB,LAURA**
Status 6/3/19 2014 9am
********************************

## CLASS ACTION COMPLAINT

Thomas Burlinski ("Plaintiff") files this Class Action Complaint against Top Golf USA,

Inc. ("Top Golf USA") and Top Golf USA Salt Creek, LLC ("Top Golf Salt Creek") (Top Golf

USA and Top Golf Salt Creek, collectively, "Defendants") for violations of the Illinois Biometric

Information Privacy Act.

### SUMMARY OF CLAIMS

1.     Top Golf USA operates "Topgolf" driving range and bar facilities through the

United States, including locations in Wood Dale and Naperville, Illinois.

2.     Plaintiff was an hourly-paid bartender at Defendants' Topgolf driving range and

bar in Wood Dale, Illinois from approximately April 2017 to July 2017.

3.     Throughout his employment, Defendants required him and other hourly paid

employees to use a biometric time clock system to record their time worked.

4.     Defendants required Plaintiff and other hourly employees to scan their fingerprints

in Defendants' biometric time clock when they started working a shift, stopped for a break,

returned from a break, and finished working a shift.

1

A.130

5.    Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

6.    By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

7.    Thus, there's no question that Defendants benefited from using a biometric time clock.

8.    But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

9.    In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.    As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.    Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.    As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

13.    This Court has personal jurisdiction over Defendants because, during the relevant

2

time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Class Action Complaint in Illinois.

14.     DuPage County is an appropriate venue for this litigation because Defendants do business in DuPage County and thus are residents of DuPage County.

**THE PARTIES**

15.     Plaintiff is an individual who lives in Cook County, Illinois.

16.     Top Golf USA is a Delaware corporation. *See* Exhibit A.

17.     Top Golf Salt Creek is an Illinois limited liability company. *See* Exhibit B.

18.     Top Golf Salt Creek is a company established to operate Defendants' driving range and bar in Wood Dale, Illinois.

19.     Top Golf USA manages or controls Top Golf Salt Creek as well as other corporations or limited liability companies, including Topgolf USA Naperville, LLC, to operate driving range and bar facilities in Illinois.

20.     Top Golf USA is the employer's name on the IRS form W-2 Defendants provided to Plaintiff.

21.     Top Golf Salt Creek is the employer's name on the Earnings Statements Defendants provided to Plaintiff.

22.     Top Golf USA and Top Golf Salt Creek are jointly responsible for the violations of the Biometric Information Privacy Act alleged in this Class Action Complaint because both entities are involved in collecting, storing, and disseminating employees' fingerprints and information based on employee's fingerprints without following the requirements of the law.

**REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT**

23.     In enacting the Biometric Information Privacy Act, the Illinois legislature

3

recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

24.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

25.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

26.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

27.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

Document received on 3/4/19 5:21 PM  Document accepted on 03/05/2019 09:10:35 # 4475206/170431175937

**BACKGROUND FACTS**

28.  When Plaintiff scanned his fingerprint in Defendants' biometric time clock, Defendants captured, collected, and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

29.  When Plaintiff scanned his fingerprint in Defendants' biometric time clock, his fingerprint – or a representation of his fingerprint – was disseminated and disclosed to Defendants' time-keeping vendor.

30.  Defendants never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of his fingerprint or information derived from his fingerprint.

31.  Defendants never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using his fingerprint, or information derived from his fingerprint.

32.  Defendants violated Plaintiff's privacy by capturing or collecting his unique biometric identifiers and information, and sharing those identifiers and information with its time-keeping vendor, without his consent.

33.  Defendants diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

34.  Based on Defendants' violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiff experiences emotional distress over whether Defendants are currently storing, or will eventually dispose of, his biometric identifiers and information securely.

5

35.     Plaintiff also experiences emotional distress because he recognizes that he will not learn of any data breach that compromises his biometric identifiers and information until *after* that data breach has occurred.

**CLASS ACTION ALLEGATIONS**

36.     Plaintiff seeks to represent a class of employees who worked at a Topgolf location in Illinois and who were required to scan their fingerprints in a biometric time clock system ("the Class").

37.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in a biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

38.     The Class includes more than 40 members.

39.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

40.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected, stored, or disseminated the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

41.     These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

42.     Plaintiff, the members of the Class, and Defendants have a commonality of interest

6

in the subject matter of the lawsuit and the remedy sought.

43.    If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

44.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

45.    The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendants provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

46.    Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

47.    Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

48.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

49.    Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50.    Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51.    Defendants have "biometric information" from Plaintiff and the Class through their acquisition and retention of information based on Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

52.    Defendants violated the Biometric Information Privacy Act by capturing or

Document received on 3/4/19 5:21 PM  Document accepted on 03/05/2019 09:10:35 # 4475206/170431175937

collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendants were doing so.

53.    Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

54.    Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

55.    Defendants violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

56.    Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

57.    Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

58.    As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

8

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.    Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: March 1, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish (dfish@fishlawfirm.com)
Seth Matus (smatus@fishlawfirm.com)
Kimberly Hilton (khilton@fishlawfirm.com)
John Kunze (jkunze@fishlawfirm.com)
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
admin@fishlawfirm.com
ID:  6269745
DuPage #218726 clk

9

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**        IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT        **COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

Case Number

File Stamp Here

# EXHIBIT COVER SHEET

Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Ex A - Top Golf USA

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Class Action Complaint**

**Document File Date:** **March 4, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situated**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name:     **The Fish Law Firm, P.C.**     ☐ Pro Se

DuPage Attorney Number: **21726**

Attorney for:     **Plaintiff**

Address:     **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email:     **admin@fishlawfirm.com**

3/1/2019                      CORP/LLC - File Detail Report



## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **File Number** | 71534405 | | |
| **Entity Name** | TOP GOLF USA, INC. | | |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | FOREIGN BCA |
| **Qualification Date (Foreign)** | 01/17/2018 | **State** | DELAWARE |
| **Agent Name** | C T CORPORATION SYSTEM | **Agent Change Date** | 01/17/2018 |
| **Agent Street Address** | 208 SO LASALLE ST, SUITE 814 | **President Name & Address** | ERIK ANDERSON 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX 7523 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | ELDRIDGE BURNS 8750 N CENTRAL EXPRESSWAY #1200 DALLAS TX |
| **Agent Zip** | 60604 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 12/20/2018 | **For Year** | 2019 |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

Document received on 3/4/19 5:21 PM  Document accepted on 03/05/2019 09:10:35 # 4475206/170431175937

A.140

EXHIBIT COVER SHEET

4393 (Rev. 6/18)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

THOMAS BURLINKSI, et al.

Plaintiff,

v.

TOP GOLF USA, INC, et al

Defendant,

Case Number

File Stamp Here

# EXHIBIT COVER SHEET
Local Court Rules 5.06 and 5.09

**EXHIBIT NAME:** Ex B - Top Golf Salt Creek

**TITLE OF DOCUMENT THIS EXHIBIT BELONGS WITH:**

**Class Action Complaint**

**Document File Date:** **March 4, 2019**

*(The file date of the document this exhibit belongs with)*

**EXHIBIT FILED ON BEHALF OF:** **Thomas Burlinski, individually and on behalf of others similarly situated**

*(Case Party Name)*

Submitted by: The Fish Law Firm, P.C.

Name: **The Fish Law Firm, P.C.**  ☐ Pro Se

DuPage Attorney Number: **21726**

Attorney for: **Plaintiff**

Address: **200 E. 5th Ave., Suite 123**

City/State/Zip: **Naperville, IL 60563**

Telephone Number: **(630) 355-7590**

Email: **admin@fishlawfirm.com**

3/1/2019
LLC - File Detail Report



## LLC FILE DETAIL REPORT

| File Number | 02074885 | | |
|---|---|---|---|
| Entity Name | TOP GOLF USA SALT CREEK, LLC | | |
| Status | ACTIVE | On | 11/02/2018 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 01/16/2007 | Jurisdiction | IL |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 04/28/2014 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | Principal Office | 8750 N CENTRAL EXPY, STE 1200 DALLAS, TX 75231 |
| Agent City | CHICAGO | Managers | View |
| Agent Zip | 60604 | Duration | PERPETUAL |
| Annual Report Filing Date | 11/02/2018 | For Year | 2019 |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

**OTHER SERVICES**

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

A.142

3/1/2019

LLC - File Detail Report

Document received on 3/4/19 5:21 PM   Document accepted on 03/05/2019 09:10:35 # 4475206/170431175937

A.143