IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BURLINSKI and MATTHEW MILLER on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>TOP GOLF USA INC., TOPGOLF USA SALT CREEK, LLC, and TOPGOLF USA NAPERVILLE, LLC,<br><br>Defendants. | Case No. 1:19-cv-06700<br><br>Honorable Edmond E. Chang<br><br>Magistrate Judge Young B. Kim |

### DEFENDANTS' MOTION TO STAY (RENEWED)

Defendants Top Golf USA Inc., TopGolf USA Salt Creek, LLC and TopGolf USA Naperville, LLC (collectively, "Topgolf" or "defendants") respectfully request this Court to stay the case to avoid unnecessary cost and undue prejudice to Topgolf when there are pending interlocutory appeals in *White Castle*, *Tims* and *Marion*, along with a request for leave to appeal to the Illinois Supreme Court in *McDonald*, that could either end this case or materially advance its ultimate termination. Continued litigation of this case also presents a hardship for Topgolf because its revenues and workforce have been severely impacted by the COVID-19 pandemic, as explained in its previous motion to stay. Plaintiffs' counsel has sought to stay another, similar case in its entirety due to the same interlocutory appeals. In support of this motion, Topgolf states as follows:

### PROCEDURAL HISTORY

1. Plaintiff Thomas Burlinski ("Burlinski") originally filed this Biometric Information Privacy Act ("BIPA") putative class action on March 4, 2019. (ECF No. 1-1 p. 130.) In response

to Topgolf's initial motion to dismiss, Burlinski filed a First Amended Complaint on July 31, 2019. (*Id.*, p. 25.) On September 11, 2019, Burlinski filed a Second Amended Complaint ("SAC") that added Matthew Miller ("Miller") as a named plaintiff and Topgolf USA Naperville, LLC as a defendant. (*Id.*, p. 2.) On October 9, 2019, Topgolf removed this action to this Court pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1332(a)(1) and (d)(2).

2. On October 31, 2019, Topgolf filed a Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss") and Supporting Memorandum, which argued that plaintiffs' claims accrued when Topgolf allegedly collected their "fingerprints" at the time of their hire without the alleged notice and written consent required by BIPA, are time-barred by either the one-year or two-year statute of limitations, and preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA"). (ECF Nos. 19-20.)

3. On September 3, 2020, the Court denied Topgolf's Motion to Dismiss but did not address when a BIPA claim accrues under Illinois law. (ECF No. 56.) On September 25, 2020, Topgolf filed a Motion to Stay the Case and Answer Deadline (ECF No. 57), which the Court denied on September 28, 2020, but stated the motion could be re-filed after defendants conferred with plaintiffs. (ECF No. 58.)

4. Topgolf conferred with plaintiffs' counsel David Fish via phone on October 1, 2020, regarding defendants' requested stay and explained that its lost revenues impacted its ability to defend the case or engage in settlement negotiations at this time. Mr. Fish confirmed plaintiffs' opposition to any stay.

5. On October 28, 2020, however, plaintiffs' counsel filed a motion to stay another case in its entirety. In *Cannon v. FIC America Corp.*, Case No. 2020 L 121 (Cir. Ct. DuPage Cty.), plaintiffs' counsel contends that all discovery and motions should be held in abeyance while the

First District decides an interlocutory appeal on whether the one-year or five-year statute of limitations applies in *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563. In short, plaintiffs rely on the same pending interlocutory appeals to stay another case in its entirety, while opposing the same request from Topgolf. (*See* Plaintiff's Motion to Stay Proceedings, attached as Exhibit A.)[1]

## INTERLOCUTORY APPEALS

6. On November 9, 2020, the Seventh Circuit granted a 28 U.S.C. §1292(b) petition for leave to appeal when a BIPA claim "accrues" in *In Re: White Castle System, Inc.*, No. 20-8029, attached as Exhibit B. The issue is whether a violation occurs and plaintiff's BIPA claim accrues only when defendant first collects or discloses his biometric identifier or information without complying with Section 15(b) and (d), or whether a violation occurs with each collection or disclosure, until defendant complies with the respective subsection's requirements. The Seventh Circuit further ruled that a stay of the district court case was "warranted" while this interlocutory appeal is pending. (Exhibit B, p. 1.)

The very next day, November 10, 2020, plaintiffs' counsel supplemented Plaintiff's Motion to Stay Proceedings in *Cannon v. FIC America Corp.* with the Seventh Circuit's ruling in *White Castle*. In addition to the pending interlocutory appeals identified below, plaintiffs' counsel relies on the interlocutory appeal in *White Castle* to support staying the *Cannon* case in its entirety.

7. In *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563 (IL App. April 23, 2020), the First District Appellate Court allowed an interlocutory appeal on whether a one-year or five-year statute of limitations applies. In *Marion v. Ring Container Technologies, LLC*, No. 3-20-0184 (IL App. July 21, 2020), the Third District allowed an interlocutory appeal on the applicable one, two

---

[1] Since filing Plaintiff's Motion to Stay Proceedings in *Cannon*, plaintiffs' counsel contacted Topgolf on November 2, 2020 – but not about revisiting its opposition to Topgolf's requested stay but to attempt to schedule mediation.

or five-year statute of limitations and whether BIPA statutory claims are preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA"). The Second District is currently briefing a Supreme Court Rule 308 Application for Interlocutory Appeal on the one-year statute of limitations in *Smith v. Top Die Casting Co.*, No. 2-20-0549. *See Tims*, *Marion* and *Smith* orders, attached as Exhibit C.

8. Topgolf cannot overstate the impact of rulings on when BIPA claims "accrue" and the applicable statute of limitations will have on this case, the scope of discovery, expert witnesses, and the length of any trial. One outcome leads to judgment in Topgolf's favor. Another outcome materially alters the scope and expense of discovery, results in significant attorneys' fees and raises the specter of millions in statutory damages.

9. A stay is further appropriate pending the decision of the Illinois Supreme Court on defendant's petition for leave to appeal in *McDonald v. Symphony Bronzeville Park, LLC*. *See* 10/30/20 Petition for Leave to Appeal under Illinois Supreme Court Rule 315, attached as Exhibit D. The First District Appellate Court's decision in *McDonald* is not a good indicator of how the Illinois Supreme Court would rule on the preemption issue because it fails to apply any text-based analysis of the statute. Instead, the appellate court's decision hinges entirely upon its interpretation of another supreme court decision, *Folta v. Ferro Engineering*, 2015 IL 118070, and what that court meant when it described an injury "not otherwise compensable under the Act" as an exception to the IWCA's preemption provisions. Indeed, *Folta* held that it would be a "radical departure" from the statutory text to interpret the phrase "any injury" as limited to only "certain" types of injury. *Folta* at ¶41.

The *McDonald* petition for leave to appeal notes that the appellate court's ruling conflicts with the Illinois Supreme Court's holding that a statutory violation of BIPA in itself yields a "real

4

and significant injury." *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186 at ¶34. It also creates a conflict with the Second District, which held that damages claims based on employee privacy injuries – like being spied upon in a workplace bathroom, *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill.App.3d 1027, 1029-31 (2d Dist. 1999), and having sensitive medical information disclosed, *Goins v. Mercy Ctr. for Health Care Servs.*, 281 Ill.App.3d 480, 487-88 (2d Dist. 1996), do fall within the IWCA's exclusive remedy provisions.

10. Given the high probability that the Illinois Supreme Court will allow the petition for leave to appeal in *McDonald*, Topgolf will be prejudiced if it must incur attorneys' fees to conduct discovery at a time when it has been profoundly affected by the pandemic <u>and</u> many of the very same arguments Topgolf raised in its Motion to Dismiss are now pending before multiple Illinois reviewing courts. Depending on how these interlocutory appeals are resolved, this case could be dismissed in whole or in part.

11. There is also a motion pending before the DuPage County Circuit Court in *Cannon v. FIC America Corp.* to certify an interlocutory appeal on whether BIPA is unconstitutional special legislation and when a BIPA claim accrues. Plaintiffs' counsel is currently attempting to stay the case to prevent a ruling on the interlocutory appeal. If that appeal is accepted, the Second District Appellate Court could hold that BIPA is unconstitutional special legislation, which would also end this case.

## **LAW AND ANALYSIS**

12. A stay of this case is appropriate to avoid undue burden and expense. Should this case proceed, the parties will incur significant attorneys' fees and costs that may be rendered unnecessary by rulings on the pending interlocutory appeals.

13. A district court has inherent power to stay proceedings which is "incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); s*ee also Munson v. Butler*, 776 Fed. Appx. 339, 342 (7th Cir. 2019) ("It is true that a district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues").

14. Staying proceedings may be appropriate where a litigant in another case may settle the rule of law that applies in the stayed lawsuit. *Landis*, 299 U.S. at 255. That is the exact situation presented here. *Freed v. Friedman*, 215 F. Supp. 3d 642, 658-659 (N.D. Ill. 2016) (explaining that a district court has "inherent authority" to stay a federal proceeding pending a state court matter or simply for judicial efficiency). A stay is also appropriate here because pending interlocutory appeals will control previously unsettled areas of Illinois law. *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently").

15. Other district courts and circuit courts have granted motions to stay (or continued existing stays) pending rulings in interlocutory appeals in *Tims* and *Marion*, or while waiting to see if the Illinois Supreme Court grants the petition for leave to appeal in *McDonald*.[2] *See Vaughan v. Biomat USA, Inc.*, 20-cv-4241, 2020 WL 6262359 (N.D. Ill. Oct. 23, 2020) (granting stay because the "Illinois Appellate Court's decision in *Tims* would likely be binding here") (Aspen, J.); *Bell v. SDH Services West, LLC*, 20-cv-3181, ECF No. 22 (N.D. Ill. Aug. 27, 2020) (granting

---

[2] In the Joint Initial Status Report, dated October 9, 2020, defendants stated they would renew their Motion to Stay the following week. (ECF No. 60.) After the Court issued its October 12, 2020, Order (ECF No. 61), Topgolf decided to withhold filing the motion to ascertain if the Seventh Circuit would allow the *White Castle* appeal on when BIPA claims accrue and to ascertain whether other courts would favorably entertain motions to stay based on the appellate activity occurring throughout Illinois.

6

stay in part based on the pending appeal in *Tims*) (Ellis, J.); *Treadwell v. Power Solutions Int'l, Inc.*, 18-cv-8212, ECF No. 120 (N.D. Ill. April 1, 2020) (granting stay because "the time and expense the parties will expend in litigating his claims – effort that could prove unnecessary in light of the *McDonald* ruling" far outweigh plaintiff's speculation that a stay "could amount to an 'indefinite delay' that could potentially cause continuing injury to [plaintiff] and other putative class members"; stay extended by 10/13/20 joint motion) (Alonso, J.); *Ambrose v. LCS Community Employment LLC*, 2019 CH 9912 (Cir. Ct. Cook Cty. Nov. 2, 2020) ("This case is stayed in its entirety pending (i) the decision of the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*, and (ii) the decision of the First District Appellate Court in the pending *Tims v. Blackhorse* appeal") (Loftus, J.); *Young v. Bria Health Services, LLC*, 19 L 499 (Cir. Ct. St. Clair Cty. Oct. 29, 2020) (case stayed pending decisions on pending interlocutory appeals in *Tims* and *Marion* and the Illinois Supreme Court's ruling on defendant's petition for leave to appeal in *McDonald*); (Rudolf, J.); *Sanchez v. Elite Labor,* 2018 CH 02651 (Cir. Ct. Cook Cty. Oct. 14, 2020) ("This matter continues to be stayed pending resolution of *McDonald v. Symphony Bronzeville Park LLC ...* and *Tims v. Black Horse Carriers, Inc.*") (Cohen, J.); *Tims v. Black Horse Carriers, Inc.,* 2019 CH 03522 (Cir. Ct. Cook Cty. Jan. 28, 2020 & Oct. 20, 2020) ("discovery is stayed until further order of court" and "[t]he stay of this matter is continued until further order of the court") (Atkins, J.); *Townsend v. The Estates of Hyde Park, LLC,* 2019 CH 11849 (Cir. Ct. Cook Cty. Oct. 20, 2020) ("This matter is set for hearing on Plaintiff's Motion to Lift Stay on February 23, 2021" (Reilly, J.); *Owens v. Wendy's Int'l, LLC,* 2018 CH 11423 (Cir. Ct. Cook Cty. Oct. 7, 2020) ("Wendy's Motion to Stay Discovery based on pending interlocutory appeals is granted") (Loftus, J.); *Solomon v. Schmolz + Bickenbach USA, Inc.*, 2019 CH 13361 (Cir. Ct. Cook Cty. Oct. 7, 2020) (granting defendant's supplemental motion to stay during

pendency of *Tims* and potential Illinois Supreme Court decision in *McDonald*) (Cohen, J.); *Gory v. Glencrest Healthcare*, 2019 CH 04326 (Cir. Ct. Cook Cty. Oct. 2, 2020) ("The stay of this case continues pending the petition to appeal to the Illinois Supreme Court in the case *McDonald v. Symphony*") (Loftus, J.); *Measaw v. Heritage Operations Group, LLC*, 2019 CH 08321 (Cir. Ct. Cook Cty. Oct. 2, 2020) ("Plaintiff's Motion to Lift Stay is denied") (Loftus, J.); *Cline v. Marion Rehabilitation Center,* 2020 L 52 (Cir. Ct. Williamson Cty. Aug. 14, 2020) ("This matter is stayed pending decisions by the Appellate Court for the First Judicial District on the certified questions it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.*") (Goffinet, J.); *Young v. Tri City Foods, Inc.,* 2018 CH 13114 (Cir. Ct. Cook Cty. Oct. 7, 2020) ("TCF's Motion to Stay Discovery based on pending interlocutory appeals is granted") (Loftus, J.); *Rondinella v. Palos Hills Healthcare, LLC,* 2020 CH 3357 (Cir. Ct. Cook Cty. July 17, 2020) (granting defendant's motion to stay proceedings pending decisions in *McDonald* and *Tims*) (Valderrama, J.); *Marion v. Ring Container Technologies, LLC*, 2019 L 89 (Cir. Ct. Kankakee Cty. Apr. 20, 2020) ("all proceedings in this case are stayed pending disposition of Defendant's motion for leave to appeal") (Albrecht, J.), attached as Exhibit E.

### THE UNDUE PREJUDICE TO TOPGOLF IF THIS CASE IS NOT STAYED IS COMPOUNDED BY THE PANDEMIC'S SEVERE IMPACT ON TOPGOLF'S WORKFORCE AND REVENUE

16. The COVID-19 pandemic has severely impacted Topgolf's workforce and revenue. A stay pending the outcome of potentially dispositive appellate review by the state courts would permit Topgolf to dedicate its limited resources to the operation of its business, instead of to pay litigation costs that may prove to be unnecessary. Apart from the financial hardship the litigation imposes, Topgolf lacks the human capital to simultaneously run its business and engage in class action litigation and discovery.

17. The COVID-19 pandemic caused Topgolf to close 60 of its 63 U.S. locations on or before March 18, 2020. At the time of the closures, Topgolf furloughed all hourly venue associates and non-salaried managers. Weeks later, Topgolf also furloughed venue salaried managers, except as needed to monitor its locations. In total, Topgolf furloughed or terminated 95% of its workforce in response to the COVID-19 pandemic. *See* Declaration of Ryan Buol at ¶¶2-5, attached as Exhibit F.

18. Topgolf also furloughed many employees in its corporate office. In April, Topgolf furloughed almost all of its Human Resources Department. Prior to the COVID-19 pandemic, Topgolf had a Human Resources Department of 37 employees. In response to the COVID-19 pandemic, Topgolf maintained between five and seven full-time human resources employees. Additionally, Topgolf placed a few more human resources employees in a fluctuating furlough of two weeks on, two weeks off. This handful of employees was responsible for managing the human resources functions of the entire corporation amidst, first, a ramp down that included furloughing the majority of Topgolf's workforce and, second, a reduction in force. (*Id.* ¶¶6-8.)

19. Topgolf has gradually reopened its venues at limited capacity. Topgolf re-opened its Naperville and Schaumburg venues on June 15, 2020, with limited staff and hours. Topgolf only re-opened its Miami Gardens and Doral, Florida venues on a limited basis on September 7, 2020. To date, Topgolf has not opened its Kirkland, Washington venue, which remains closed. (*Id.* ¶9.)

20. Recent surges in COVID-19 cases in Illinois have resulted in updated executive orders that further restrict operations and attendance at Topgolf's Schaumburg and Naperville locations. The Naperville and Schaumburg venues cannot allow indoor seating, must close down bar tops, must close their venues 1-3 hours earlier than the normal schedule, and events are limited

to the lesser of 25 people or 25% overall room capacity pursuant to Executive Order 2020-64. (*Id.* ¶11.)

21. Due to spikes in COVID-19 cases, Topgolf has been forced to re-close its El Paso, Texas venue to at least December 1, 2020, due to Order No. 14, which requires the closure of non-essential businesses. Government mandates have required Topgolf to close all United Kingdom venues from November 5, 2020, to at least December 4, 2020, due to surges in COVID-19 cases. (*Id.* ¶12.)

22. Topgolf's corporate events business has dramatically declined since the onset of COVID-19. Topgolf expects to miss its 2020 financial projection by a significant margin. Topgolf's revenues are currently 15 to 20% below the prior year's levels, which places tremendous pressure on the financial resources of the company. (*Id.* ¶13.)

23. This unforeseen, sudden loss of revenue has placed the company in a difficult financial position, ill-equipped to engage in time-consuming and costly class litigation. Topgolf's single-minded focus is on attempting to keep the business open and running during the pandemic. It does not have the financial resources or workforce necessary to devote to a class action's e-discovery, discovery and depositions – while it continues to navigate the COVID-19 pandemic and loss of business. (*Id.* ¶14.)

24. This Court has the inherent power and discretion to stay this case to avoid undue burden and unnecessary expense. Given the damage already inflicted on Topgolf by the pandemic, Topgolf would be unduly prejudiced absent a stay, forced to continue to defend claims and engage in discovery on claims that may be completely time-barred, preempted, or significantly reduced in scope and value. In contrast, plaintiffs will suffer no prejudice as their Mandatory Initial Discovery Responses seek no actual damages - only statutory damages under BIPA. Indeed, plaintiffs should

share an interest in conserving time and resources by not engaging in discovery but focusing on potentially dispositive questions of law.

26. A stay would also allow Topgolf to commit the resources it might otherwise spend on discovery to pursue a settlement strategy depending on how the pending interlocutory appeals affect the scope and value of these cases.

WHEREFORE, defendants Top Golf USA Inc., TopGolf USA Salt Creek, LLC and TopGolf USA Naperville, LLC respectfully request this Court to grant their renewed Motion to Stay the case in its entirety.

DATED: November 12, 2020

Respectfully submitted,

By: /s/ Anne E. Larson
One of the Attorneys for Defendants

Anne E. Larson
Michael V. Furlong
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
312.558.1220
*anne.larson@ogletree.com*
*michael.furlong@ogletree.com*

11

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 13, 2020, she caused the foregoing ***Defendants' Motion to Stay (Renewed)*** to be filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

>Douglas M. Werman
>Maureen A. Salas
>Zachary C. Flowerree
>Werman Salas, P.C.
>77 West Washington, Suite 1402
>Chicago, Illinois 60602
>*dwerman@flsalaw.com*
>*msalas@flsalaw.com*
>*zflowerree@flsalaw.com*
>
>David Fish
>John Kunze
>Kimberly Hilton
>Mara Baltabols
>The Fish Law Firm, P.C.
>200 East Fifth Avenue, Suite 123
>Naperville, Illinois 60563
>*dfish@fishlawfirm.com*
>*kunze@fishlawfirm.com*
>*khilton@fishlawfirm.com*
>*mara@fishlawfirm.com*
>
>***Attorneys for Plaintiffs***

/s/Anne E. Larson
One of the Attorneys for Defendants

44460324.3