IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BURLINSKI and MATTHEW MILLER on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>TOP GOLF USA INC., TOPGOLF USA SALT CREEK, LLC, and TOPGOLF USA NAPERVILLE, LLC,<br><br>Defendants. | Case No. 1:19-cv-06700<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Young B. Kim |

**FINAL APPROVAL ORDER**

This matter coming before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Awards, the Court having reviewed and considered the motions, including all supporting documents, and the Court having conducted a telephone hearing on October 13, 2021,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement Class Members by direct mail and, where available, by email. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, answers to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the

Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted objections or excluded themselves from the Settlement.

4. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All Illinois employees who used a biometric fingerprint or finger scanner at Topgolf venues in Illinois during the Class Period [March 4, 2014 to June 22, 2021] without first signing a biometric consent form, and do not timely exclude themselves from the settlement ("the Settlement Class" or "Settlement Class Members").

5. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $2,633,400.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.	The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7.	The Court awards $22,366 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

8.	The Court awards Settlement Class Counsel $865,345.00 in attorney fees and $35,158.78 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

9.	The Court awards Settlement Class Representatives Thomas Burlinski and Matthew Miller $7,500.00 each as Service Awards, which are payable from the Gross Fund as described in the Settlement Agreement.

10.	This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice seven (7) days after Plaintiffs file a declaration with the Court from the Settlement Administrator confirming that Defendants have fully funded the Gross Fund.

11.	The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated: October 13, 2021

*Edmond E. Chang*
Edmond E. Chang
United States District Judge